# EXHIBIT 1

```
              UNITED STATES DISTRICT COURT          Pages 1 - 48

               NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

                                   )
                                   )
IN RE APPLE IPHONE ANTITRUST       )   NO. CV 11-06714-YGR
LITIGATION                         )
                                   )
                                   )
_____)
EDWARD LAWRENCE,                   )
                                   )
          Plaintiff,               )
                                   )
  VS.                              )   NO. CV 19-02852-YGR
                                   )
APPLE INC.,                        )
                                   )
          Defendant.               )
_____)
DONALD R. CAMERON, ET AL.,         )
                                   )
          Plaintiff,               )
                                   )
  VS.                              )   NO. CV 19-03074-YGR
                                   )
APPLE INC.,                        )
                                   )
          Defendant.               )
_____)
BARRY SERMONS,                     )
                                   )
          Plaintiff,               )
                                   )
  VS.                              )   NO. CV 19-03796-YGR
                                   )
APPLE INC.,                        )
                                   )
          Defendant.               )   Oakland, California
                                   )   Monday, October 7, 2019
_____)   Transcript of Proceedings


Reported by:   Pamela Batalo Hebel, CSR No. 3593, FCRR, RMR
               Official Reporter
```

**APPEARANCES**:

For Plaintiffs in CV 11-06714-YGR:
        WOLF, HALDENSTEIN, ADLER, FREEMAN & HERZ LLP
        270 Madison Avenue
        New York, NY  10016
  BY: **MARK C. RIFKIN, ESQUIRE**

        WOLF, HALDENSTEIN, ADLER, FREEMAN & HERZ LLP
        Symphony Towers
        750 B. Street - Suite 1820
        San Diego, CA  92101
  BY: **RACHELE R. BYRD, ESQUIRE**

        KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC
        1615 M Street, NW - Suite 400
        Washington, DC  20036
  BY: **DAVID C. FREDERICK, ESQUIRE**

For Plaintiffs in CV 19-02852-YGR:
        ALIOTO LAW FIRM
        One Sansome Street - 35th Floor
        San Francisco, CA  94104
  BY: **JOSEPH M. ALIOTO, ESQUIRE**
     **THERESA D. MOORE, ESQUIRE**

For Plaintiffs in CV 19-03074-YGR:
        HAGENS BERMAN SOBOL SHAPIRO LLP
        1918 Eighth Avenue - Suite 3300
        Seattle, WA  98101
  BY: **STEVE W. BERMAN, ESQUIRE**
     **ROBERT F. LOPEZ, ESQUIRE**

        SPERLING & SLATER P.C.
        55 West Monroe Street - Suite 3200
        Chicago, IL  60603
  BY: **EAMON P. KELLY, ESQUIRE**
     **APPEARING TELEPHONICALLY**

For Plaintiffs in CV 19-03796-YGR:
        FREED, KANNER, LONDON & MILLEN LLC
        923 Fayette Street
        Conshohocken, PA  19428
  BY: **JONATHAN M. JAGHER, ESQUIRE**

```
APPEARANCES CONTINUED:

For Plaintiffs in CV 19-03796-YGR:
                    SAVERI & SAVERI, INC.
                    111 Pine Street - Suite 1700
                    San Francisco, California  94111
                    706 Sansome Street
                    San Francisco, CA  94111
             BY:    R. ALEXANDER SAVERI, ESQUIRE

For Defendant:
                    GIBSON, DUNN & CRUTCHER LLP
                    1050 Connecticut Avenue, NW
                    Washington, DC  20036
             BY:    CYNTHIA E. RICHMAN, ESQUIRE

                    GIBSON, DUNN & CRUTCHER LLP
                    333 South Grand Avenue
                    Los Angeles, CA  90071
             BY:    DANIEL G. SWANSON, ESQUIRE
                    MELISSA PHAN, ESQUIRE
```

1   Mr. Berman, and that allows everybody to be on the same page
2   with respect to the discovery.
3           **MR. BERMAN:**  That's fine with me, Your Honor.
4           **THE COURT:**  All right.  No. 6, what are the issues?
5           **MR. BERMAN:**  No issues.
6           **THE COURT:**  That will be ordered.
7       No. 7, what are the issues?
8           **MR. BERMAN:**  No issues.
9           **THE COURT:**  No issues.
10      So that's it.  So that's taken care of.
11      Ms. Richman, you will send me a proposed form of order
12  with respect to that?
13          **MS. RICHMAN:**  Yes, Your Honor.
14          **THE COURT:**  Approved as to form by the Plaintiffs'
15  attorneys because you'll have to make that adjustment to
16  paragraph 5.
17      Okay.  That's Exhibit A.
18      Let's talk about the schedule, and I'm interested to know
19  what I can anticipate from the Defendants in terms of your --
20  well, are you bringing a motion to dismiss?
21          **MS. RICHMAN:**  Yes, Your Honor.  We are going to be
22  moving --
23          **THE COURT:**  On what basis?
24          **MS. RICHMAN:**  There are multiple bases for --
25          **THE COURT:**  Identify them.

1   **MS. RICHMAN:**  Well, first of all, we think that the
2   Complaint is not timely, that it is barred by -- in whole or in
3   part by the statute of limitations.
4       **THE COURT:**  That's going to be denied.
5       **MS. RICHMAN:**  Okay.  Next --
6       **THE COURT:**  This case is going to go forward.
7       **MS. RICHMAN:**  Your Honor --
8       **THE COURT:**  And so what I don't want you to do --
9   frankly, my view is I would like to give you a trial date today
10  because we don't want this case to get old.  I want to push it.
11  It's already been up on -- one of them has already been up to
12  the Supreme Court and back.  It's a 2011 case.  And I'm not
13  interested in the Defendants over-litigating things.
14      So it's not as if -- you continue and Apple continues this
15  practice.  And it could be that we get to trial and a jury
16  agrees that your approach is the right approach.  So I'm not
17  prejudging that.  But to argue statute of limitations when this
18  is your practice seems a bit absurd.
19      **MS. RICHMAN:**  Your Honor, may I just ask a clarifying
20  question?  Are you referring to the Developer cases and the
21  Consumer cases?  We're not planning to bring any kind of
22  pleadings --
23      **THE COURT:**  You've answered the Complaint on the
24  Consumer case.
25      **MS. RICHMAN:**  Correct, yes.

1       **THE COURT:** So you're not bringing a motion to
2  dismiss, obviously.
3       **MS. RICHMAN:** We're not bringing -- or a motion under
4  12(c), no, that's correct. I'm just speaking of the Developer
5  case.
6       **THE COURT:** So the Developer case --
7       **MS. RICHMAN:** Yes, Your Honor.
8       **THE COURT:** -- you want to bring a statute of
9  limitations motion?
10      **MS. RICHMAN:** Your Honor, that would just be one of
11 the arguments. I think that the heart of the motion would be
12 that there's no -- it doesn't state a claim under Section 2 of
13 the Sherman Act. There is no allegation of any anticompetitive
14 conduct that --
15      **THE COURT:** It's 136 pages.
16      **MS. RICHMAN:** Yes, Your Honor. And I think that what
17 it is alleging is that Apple charges too much and that the
18 Developer Plaintiffs don't like the way that Apple has designed
19 the App Store, and those are not cognizable claims under
20 Section 2. Those are disputes with how much it charges and its
21 design decisions, which are not valid theories of exclusionary
22 conduct under Section 2.
23      **THE COURT:** I think it does much more than that, and I
24 don't want you to waste my time and I don't want you to waste
25 your time or your client's money. So I cannot stop you from

1  bringing it, but I think it is a stretch.  All right.  So you
2  have one stretch with statute of limitations.
3      The next stretch with their theory -- and, by the way, I'm
4  not totally unsympathetic.  I mean, I did not, as you know,
5  agree with the Plaintiffs' theory, and I was reversed five to
6  four, and I was reversed by the Ninth Circuit.  The Developer
7  Plaintiffs have, in my view, a much more articulated theory
8  than the Consumer Plaintiffs on antitrust, and yet we're going
9  to go through the motions anyway, apparently.
10     What else do you have?
11         **MS. RICHMAN:**  Your Honor, the valid business
12 justifications are --
13         **THE COURT:**  You want me to decide that as a matter of
14 law?
15         **MS. RICHMAN:**  Your Honor, I think that on the face of
16 the Developer Plaintiffs' Complaint, they identify multiple
17 valid business justifications that would defeat --
18         **THE COURT:**  They do.  And the jury gets to decide
19 whether or not they agree to that.  I am not going to decide
20 that as a matter of law; that is, you cannot -- I would have to
21 make factual determinations to do that.
22     We had a whole trial on that issue, a two-week trial in
23 2016 on that topic, and Apple won, but we had to take it to
24 trial.
25     Next.

1    **MS. RICHMAN:** Your Honor, I think that, you know, you
2  will probably have the same reaction to this argument as well,
3  but we think that the market definition allegations are
4  facially defective and that the Complaint could be dismissed on
5  that basis as well.
6    I mean, we've thought long and hard about this motion,
7  Your Honor.  We understand that these cases have been around
8  for a long time.  We do believe that it is a meritorious motion
9  to dismiss; otherwise, we wouldn't be wasting your time.
10   **THE COURT:** We are doing this on 35-day notice.
11 Seriously, I don't know why you are going through the motions.
12   So do you have any other definition or any other --
13   **MS. RICHMAN:** No.  I mean, I think, Your Honor, again,
14 just the heart of it is that we don't agree that there's been a
15 cognizable theory of anticompetitive conduct that's --
16   **THE COURT:** And I really don't think that I can throw
17 it out on a 12(b)(6).
18   **MS. RICHMAN:** I understand, Your Honor.  I'm happy to
19 discuss the matter further with the client.
20   **THE COURT:** I mean, you want to spend four months
21 doing this:  October, November, December, January.  I, frankly,
22 don't understand why.
23   You think you need a whole month to oppose this,
24 Mr. Berman?
25   **MR. BERMAN:** Well, we're also going to be doing

1   discovery at that point because they've agreed for discovery to
2   go forward, so my team has to deal with simultaneously --
3   simultaneous work.  But if Your Honor wants to put this on a
4   35-day schedule, we're all for it.
5           **THE COURT:**  Well, I think it is -- look, it's fine.
6   You want to do it the long way, you can do it the long way, but
7   I certainly am not going to think about the schedule for this
8   case based upon repeated motions to dismiss or multiple rounds,
9   especially given the outline that I've just heard.
10          **MS. RICHMAN:**  Yes, Your Honor.
11      And Apple is not asking for any kind of deferral of
12  discovery while the motion to dismiss is pending.  We are fully
13  ready to go ahead and litigate this case on a parallel track.
14          **THE COURT:**  What is the statute-of-limitations
15  argument again?
16          **MS. RICHMAN:**  Your Honor, they filed their Complaint
17  in June of 2019, and the conduct that they complain about is
18  almost a decade old.  What they're alleging is that they
19  disagree with the way that Apple designed its system and the
20  30-percent commission that was decided on in 2008 when the App
21  Store was opened.
22      There is no equitable exception under the Fraudulent
23  Concealment Doctrine or Continuing Violation Doctrine that
24  would permit the case to go forward.  They waited to find out
25  what happened with the Supreme Court and then filed their

1   lawsuit.
2          **MR. BERMAN:**  I can answer that, if you want,
3   Your Honor.
4          **THE COURT:**  Sure.  Why don't you outline your response
5   at this point, Mr. Berman.
6          **MR. BERMAN:**  So they may have obtained and began the
7   monopolization we complain of in 2008, but it's a continuing
8   course of conduct, and our clients have been subject to the
9   abuse of monopoly power within the last four years, so I think
10  the statute of limitations is dead on arrival.
11         **THE COURT:**  All right.  They are filing their motion
12  October 28th.  How much time do you want to respond?  If you
13  want the month, that's fine.  I just, like I said -- it's not
14  clear to me that any of these grounds have legs.
15         **MR. BERMAN:**  You know, I didn't really care about the
16  length of time because they're providing discovery, which is
17  unusual.  So I said 30 days, but we could do it in 15, if you
18  want.  I'm sure people at the back table are squirming, but we
19  can do it.
20         **THE COURT:**  Given that it's not going to impact how I
21  do the rest of the schedule, it doesn't matter to me.
22         **MR. BERMAN:**  Okay.
23         **THE COURT:**  So --
24         **MR. BERMAN:**  Three weeks.
25         **THE COURT:**  -- I just think that it's -- like I said,

1  I think it's a stretch.
2          **MR. BERMAN:**  Three weeks.
3          **THE COURT:**  And I would suggest to you that you talk
4  to your client.
5          **MS. RICHMAN:**  Yes, Your Honor.
6          **THE COURT:**  Because I agree, there -- damages might be
7  limited by the statute, but the landscape changes and continues
8  to change.
9      In terms of the Antitrust Act, they have what seems to be
10 a relatively good, at least for pleading purposes, articulation
11 of what's happening in Europe and at least that Commission's
12 view of the anticompetitive effect of these vertical platforms.
13     You know, a motion to dismiss, I don't -- that's not how
14 this case is going to get resolved.  Reasonable justification,
15 there is absolutely no way that I can make that decision on a
16 motion to dismiss without making factual findings, which, by
17 definition, means to deny the motion.
18     And market definition, you've got economics professors on
19 both sides of the aisle already arguing market definition in
20 this case.  So you think I can throw it out on a motion to
21 dismiss when I have half of the academy arguing one thing and
22 the other half of the academy arguing something else?
23         **MS. RICHMAN:**  No.  I do -- I understand, Your Honor.
24 I think that it really goes to the conduct issue.  That would
25 be the heart of the motion, not the statute of limitations

1  argument or the market definition, but the question of whether
2  they've actually alleged exclusionary conduct here.  But that's
3  the core of the motion and something that we feel strongly
4  about, too.
5       I mean, I think were we in a different posture, we would
6  be seeking to dismiss the consumer case on similar grounds as
7  well, but I understand that ship has sailed a long time ago.
8            **THE COURT:**  Do you want to respond?
9            **MR. BERMAN:**  Three weeks, Your Honor.
10           **THE COURT:**  Do you want to respond to her last
11 comment?
12           **MR. BERMAN:**  Her last comment that we haven't pled an
13 abuse of monopoly power?  We certainly, I think, have more than
14 pled it.  We've given -- if you're a developer, you're locked
15 in to the Apple platform.  Apple has charged a 30 percent
16 commission for over 10 years.  In a normal economic world,
17 there would be cost efficiencies.  That commission would be
18 going down.  And we know that others in the marketplace -- for
19 example, Epic, when it started its platform, it charges 12
20 percent.  Microsoft for its app, it charges its developers
21 anywhere between 5 to 15 percent.
22      So this isn't about how they designed the platform.  It's
23 clearly how they abuse their monopoly power.
24           **THE COURT:**  What about, though, Mr. Berman -- because
25 I know you tend to do a lot of thinking on these cases before

1    you bring them.  What about the price on Android phones?  Isn't
2    it 30 percent?
3           **MR. BERMAN:**  It is 30 percent for some.  For example,
4    Google Chrome has a product where it charges 5 percent for
5    apps.
6        So, yes, we thought long and hard about it.  We think
7    there are markers out there in the market that show what a
8    proper charge would be if Apple wasn't abusing its monopoly
9    power.  We were studying this long before, believe it or not,
10   the Supreme Court decision.
11          **MS. RICHMAN:**  Your Honor, may I respond?
12          **THE COURT:**  You may.
13          **MS. RICHMAN:**  Your Honor, I think that Mr. Berman just
14   put a very fine point on what our motion would argue, which is
15   that, you know, the amount of commission itself, charging a
16   high commission, is not an antitrust violation, and he's just
17   identified several other paths to market that app developers
18   have such that there is no exclusion of competitors or of app
19   developers, so that really is the key issue here that we would
20   be arguing and discussing in our motion to dismiss.
21          **THE COURT:**  Well, then I would suggest that your
22   weaker arguments you might consider eliminating.
23          **MS. RICHMAN:**  Yes, Your Honor.
24          **THE COURT:**  All right.  You said three weeks,
25   Mr. Berman?

1    **MR. BERMAN:**  Yes, Your Honor.

2    **THE COURT:**  Okay.  That's November 18th for the
3    opposition.

4       Do you want two or three weeks to reply?  Typically I give
5    you two weeks, but it is Thanksgiving, so I will give you the
6    extra week.

7    **MS. RICHMAN:**  Yes, please, Your Honor.

8    **THE COURT:**  Okay.  December 9th.

9       Hearing January 8th.

10      Will that work?  We'll specially set it.

11   **MS. RICHMAN:**  Your Honor, could I just confer with my
12   colleague?

13      (Pause in proceedings.)

14   **MS. RICHMAN:**  Your Honor, would it be possible to push
15   that back by a week?

16   **THE COURT:**  Sure.  The 14th?

17   **MS. RICHMAN:**  Yes, please.  That would be great.
18   Thank you very much.

19   **THE COURT:**  That will be on my normal calendar then,
20   2:00 p.m.

21      Does that work, Mr. Berman?

22   **MR. BERMAN:**  We'll make it work, Your Honor.

23   **THE COURT:**  Do you want -- well, that's fine.  Okay.
24      So you're going to do your initial disclosures by next
25   week; right?

```
 1
 2
 3                    CERTIFICATE OF REPORTER
 4         I certify that the foregoing is a correct transcript
 5   from the record of proceedings in the above-entitled matter.
 6
 7   DATE:    Wednesday, October 16, 2019
 8
 9   Pamela Batalo Hebel
     _____
10   Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
     U.S. Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```