| | |
|---|---|
| QUINN EMANUEL URQHUART & SULLIVAN LLP<br>Stephen A. Swedlow (*pro hac vice*)<br>David A. Nelson (*pro hac vice*)<br>Marc L. Kaplan (*pro hac vice*)<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606-1881<br>Telephone:      (312) 705-7400<br><br>Adam B. Wolfson (Bar No. 262125)<br>Joseph Sarles (Bar No. 254750)<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>Telephone:      (213) 443-3000<br>*Counsel for Plaintiff SaurikIT, LLC* | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>Karen L. Dunn (DC SBN 1002520; *pro hac vice*)<br>William A. Isaacson (DC SBN 414788; *pro hac vice*)<br>Jessica E. Phillips (DC SBN 991072; *pro hac vice*)<br>2001 K Street, NW<br>Washington, DC  20006-1047<br>Telephone:  (202) 223-7300<br>Facsimile:  (202) 223-7420<br>kdunn@paulweiss.com<br>wisaacson@paulweiss.com<br>jphillips@paulweiss.com<br><br>Yahonnes S. Cleary (NY SBN 4802492; *pro hac vice*)<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone: (212) 373-3000<br>Facsimile:      (212) 757-3990<br>ycleary@paulweiss.com<br><br>Meredith R. Dearborn (SBN 268312)<br>943 Steiner St.<br>San Francisco, CA 94117<br>Telephone:  (202) 223-7300<br>Facsimile:  (202) 223-7420<br>mdearborn@paulweiss.com<br>*Counsel for Defendant Apple Inc.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SAURIKIT, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>APPLE INC., a California Corporation,<br><br>        Defendant. | CASE NO. 4:20-cv-08733-YGR<br><br>**STIPULATION BETWEEN SAURIKIT, LLC AND APPLE INC. AND [PROPOSED] DISCOVERY PLAN**<br><br>The Honorable Yvonne Gonzalez Rogers |

WHEREAS, on February 4, 2021, Defendant Apple Inc. ("Apple") filed a motion to dismiss Plaintiff, SaurikIT, LLC's ("Cydia") Complaint, ECF No. 35 (Apple and Cydia collectively, the "Parties");

WHEREAS, on March 22, 2021, the Parties submitted a Joint Case Management Statement (the "Joint Statement");

WHEREAS, in the Joint Statement, the Parties agreed to "engage in reasonable efforts to coordinate discovery including stipulating to the Court's Order Regarding Coordination of Discovery in *In re Apple iPhone Litigation,* No. 4:19-cv-03074-YGR, ECF No. 80 (N.D. Cal. Jan. 2, 2020) (the "Coordination Order")" and agreed that the Parties "should seek to achieve the maximum coordination of document and other discovery among the related cases where reasonably practical";

WHEREAS, in the Joint Statement, the Parties disagreed about the scope of discovery pending Apple's motion to dismiss filed on February 4, 2021, ECF No. 35;

WHEREAS, in an Order dated March 24, 2021, ECF No. 45, the Court ordered the Parties to meet and confer on the scope of discovery pending resolution on the motion to dismiss;

WHEREAS, the Parties met and conferred on the scope of discovery pending the motion to dismiss on April 13 and 30, 2021, as well as through email correspondence, and have reached agreement on the scope of discovery pending Apple's motion to dismiss and a discovery plan with respect to depositions previously taken in the *Epic Games, Inc.* v. *Apple Inc.*, No. 4:20-CV-05640-YGR-TSH (N.D. Cal.); *In re Apple iPhone Antitrust Litig.*, No. 4:11-CV-06714-YGR-TSH (N.D. Cal.); and *Cameron* v. *Apple Inc.*, No. 4:19-CV-03074-YGR-TSH (N.D. Cal.) (the "Related Actions");

THEREFORE, the Parties, by and through their respective counsel, hereby agree and stipulate, subject to the approval of the Court, the following:

1. The Parties agree that, where reasonably practical, the terms of the Coordination Order shall apply to this action. The terms of this stipulation reflect the Parties' current understanding of where and how the Coordination Order applies in this action. To the extent

future disputes, if any, arise regarding the scope of that application, the Parties shall meet and confer in good faith to attempt to resolve any differences and, barring resolution through that process, submit any disputes to the Court for resolution.

2. Apple will reproduce its productions from the Related Actions to Cydia as soon as reasonably practicable.

3. Apple will produce its responses and objections to interrogatories and requests for admissions from the Related Actions to Cydia as soon as reasonably practicable.

4. Apple will produce its expert reports from the Related Actions to Cydia as soon as reasonably practicable, to the extent that they do not contain information produced by parties other than Apple or non-parties that are subject to protective orders. In the event that Apple believes in good faith the expert reports contain such protected information, Apple shall redact that information before producing the expert reports to Cydia. In the alternative, if Cydia obtains permission from the parties whose information Apple in good faith believes is contained in a relevant expert report and protected from production or if this or any other Court order permits reproduction of such information to Cydia, Apple shall produce the unredacted expert report to Cydia.

5. Apple will produce the following sealed filings to Cydia as soon as reasonably practicable, to the extent that they do not contain information produced by parties other than Apple or non-parties that are subject to protective orders:

    a. *In re Apple iPhone Antitrust Litig.*, No. 4:11-cv-06714-YGR, Dkt. Nos. 42, 59.

    b. *Epic Games, Inc.* v. *Apple Inc.*, No. 4:20-cv-05640-YGR, Dkt. Nos. 406-4, 408-4.

In the event that Apple believes in good faith the sealed filings contain such protected information, Apple shall redact that information before producing the sealed filings to Cydia. In the alternative, if Cydia obtains permission from the parties whose information Apple in good faith believes is contained in a relevant sealed filing and protected from production or if this or any other Court order permits reproduction of such information to Cydia, Apple shall produce

the unredacted sealed filing to Cydia.

6. Apple will produce the deposition transcripts and exhibits of Apple witnesses deposed in the Related Actions to Cydia as soon as reasonably practicable.

7. Apple will produce the 30(b)(6) notices served on Apple in the Related Actions to Cydia as soon as reasonably practicable.

8. Cydia agrees that prior to noticing any Apple witness who has previously been deposed in the Related Actions, it will provide Apple a good faith explanation of why Cydia believes it needs additional deposition time with that witness (such as, for example, by identifying additional topics or additional information to which Cydia believes the witness can testify, or by explaining why Cydia believes previous depositions did not fully and/or adequately explore topics relevant to Cydia's claims), and how much time it requests.

9. If the Parties cannot resolve any disputes about whether Cydia's good faith explanation justifies additional deposition time with an Apple witness who has been previously deposed in the Related Actions, limitations on the scope of questioning based on Cydia's good faith explanation, or the amount of additional time Cydia has requested, the Parties shall follow Magistrate Judge Thomas Hixson's Discovery Standing Order.

10. All other discovery will be held in abeyance pending a decision on Apple's motion to dismiss.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: May 5, 2021                By  /s/ Adam B. Wolfson
                                  QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
                                  Stephen A. Swedlow (*pro hac vice*)
                                  David A. Nelson (*pro hac vice*)
                                  Marc L. Kaplan (*pro hac vice*)
                                  191 N. Wacker Drive, Suite 2700
                                  Chicago, IL 60606-1881
                                  Telephone:  (312) 705-7400

                                  Adam B. Wolfson (Bar No. 262125)
                                  Joseph Sarles (Bar No. 254750)
                                  865 South Figueroa Street, 10th Floor

|   |   |   |
|---|---|---|
| 1 | | Los Angeles, CA 90017-2543 |
| 2 | | Telephone: (213) 443-3000 |
| 3 | | *Counsel for Plaintiff SaurikIT, LLC* |
| 4 | DATED: May 5, 2021 | By  /s/ Karen L. Dunn |

PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP
Karen L. Dunn (DC SBN 1002520; *pro hac vice*)
William A. Isaacson (DC SBN 414788; *pro hac vice*)
Jessica E. Phillips (DC SBN 991072; *pro hac vice*)
2001 K Street, NW
Washington, D.C. 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com
jphillips@paulweiss.com

Yahonnes S. Cleary (NY SBN 4802492; *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
ycleary@paulweiss.com

Meredith R. Dearborn (SBN 268312)
943 Steiner St.
San Francisco, CA 94117
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
mdearborn@paulweiss.com

*Counsel for Defendant Apple Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____       _____
                                                                                     **YVONNE GONZALEZ ROGERS**
                                                                                     **UNITED STATES DISTRICT JUDGE**

**DECLARATION REGARDING CONCURRENCE**

I, Adam Wolfson, am the ECF user whose identification and password are being used to file this STIPULATION BETWEEN SAURIKIT, LLC AND APPLE INC. AND [PROPOSED] DISCOVERY PLAN.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all of the signatories listed above have concurred in this filing.


Dated:  May 5, 2021                                QUINN, EMANUEL, URQUHART & SULLIVAN, LLP

                                                   By: */s/ Adam B. Wolfson*
                                                        Adam B. Wolfson