QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
Stephen A. Swedlow (*pro hac vice*)
David A. Nelson (*pro hac vice*)
Marc L. Kaplan (*pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone:  (312) 705-7400

Adam B. Wolfson (Bar No. 262125)
Joseph Sarles (Bar No. 254750)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone:  (213) 443-3000

*Counsel for Plaintiff SaurikIT, LLC*

Karen L. Dunn (DC SBN 1002520; *pro hac vice*)
William A. Isaacson (DC SBN 414788; *pro hac vice*)
Jessica E. Phillips (DC SBN 991072; *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com
jphillips@paulweiss.com

Yahonnes S. Cleary (NY SBN 4802492; *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:   (212) 757-3990
ycleary@paulweiss.com

Meredith R. Dearborn (SBN 268312)
PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP
943 Steiner St.
San Francisco, CA 94117
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
mdearborn@paulweiss.com

*Counsel for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| SAURIKIT, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>APPLE INC., a California Corporation,<br><br>          Defendant. | CASE NO. 4:20-cv-08733-YGR<br><br>**ORDER GRANTING STIPULATION BETWEEN SAURIKIT, LLC AND APPLE INC. AND [PROPOSED] PROTECTIVE ORDER**<br><br>The Honorable Yvonne Gonzalez Rogers |

The Parties, by and through their respective counsel, hereby agree and stipulate, subject to the approval of the Court, that the following Protective Order shall apply in this case:

## 1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. **DEFINITIONS**

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel:  House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

CODE."

2.6     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> Information or <u>Items</u>:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE"</u> Information or Items:  extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by a less restrictive means.

2.10    <u>House Counsel</u>:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18   <u>Related Action</u>: refers to *In re iPhone Antitrust Litig.*, No. 4:19-cv-03074-YGR, *Cameron, et al. v. Apple Inc.*, No. 4:19-cv-03074-YGR, *Epic Games, Inc v. Apple Inc.*, No. 4:20-cv-05640-YGR, and *Pistacchio v. Apple*, No. 4:20-cv-07034-YGR.

## 3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating

Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**     **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**     **DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent that it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

1     Designation in conformity with this Order requires:

2        (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but

3  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

4  Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

5  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

6  protected material.  If only a portion or portions of the material on a page qualifies for protection,

7  the Producing Party also must clearly identify the protected portion(s) (e.g., by making

8  appropriate markings in the margins) and must specify, for each portion, the level of protection

9  being asserted.

10        A Party or Non-Party that makes original documents or materials available for

11  inspection need not designate them for protection until after the inspecting Party has indicated

12  which material it would like copied and produced.  During the inspection and before the

13  designation, all of the material made available for inspection shall be deemed "HIGHLY

14  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

15  the documents it wants copied and produced, the Producing Party must determine which

16  documents, or portions thereof, qualify for protection under this Order.  Then, before producing

17  the specified documents, the Producing Party must affix the appropriate legend

18  ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

19  "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected

20  Material.  If only a portion or portions of the material on a page qualifies for protection, the

21  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

22  markings in the margins) and must specify, for each portion, the level of protection being

23  asserted.

24        (b) <u>for testimony given in deposition or in other pretrial or trial proceedings, that</u>

25  <u>the Designating Party identify on the record</u>, before the close of the deposition, hearing, or other

26  proceeding, all protected testimony and specify the level of protection being asserted.  When it is

27  impractical to identify separately each portion of testimony that is entitled to protection and it

28  appears that substantial portions of the testimony may qualify for protection, the Designating

Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Disclosure or Discovery Material in the Related Actions</u>:  Any Disclosure or Discovery Material that had previously been produced, disclosed or generated in the Related Actions, which bear any of the legends identified in 5.2 ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"), and are made available in this action, shall be treated accordingly in this action and as if so designated by the Producing Party and all provisions of this Order shall apply. If any rulings in any of the Related Actions de-designate or reduce the designation of such Disclosure or Discovery Material, then those rulings shall apply with equal force to the same material(s) in this action. Furthermore, any challenges to the confidentiality designation of Disclosure or Discovery Material that had previously been produced, disclosed or generated in the Related Actions shall be deferred until after the trial in that the *Epic Games* Related Action.

5.4     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions.  The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating Party to file such discovery dispute letter within the applicable 21- or 14-day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation.  If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has

complied with the meet and confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) mock jurors who have signed an Undertaking, the content of which shall be agreed upon by the Parties;

(g) during his or her deposition, a witness in the action to whom disclosure is reasonably necessary and: (i) who has signed the "Acknowledgment or Agreement To Be Bound" that is attached hereto as Exhibit A; or (ii) who has been advised on the record that the information or item is subject to a protective order and cannot be disclosed, and who also is an author or recipient of the information or item, or a custodian or other person who otherwise possessed or knew the information, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be

1    Bound" that is attached hereto as Exhibit A;

2              (b) Designated House Counsel of the Receiving Party (i) who has no involvement

3    in competitive decision-making, (ii) to whom disclosure is reasonably necessary for this

4    litigation, (iii) who have signed the "Acknowledgment and Agreement to Be Bound" that is

5    attached hereto as Exhibit A, and (iv) as to whom the Designating Party has agreed in writing;

6              (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure

7    is reasonably necessary for this litigation and who have signed the "Acknowledgment and

8    Agreement to Be Bound" (Exhibit A), without disclosure of the identity of the Expert as long as

9    the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated

10   to become one;

11             (d) the Court and its personnel;

12             (e) court reporters and their staff, professional jury or trial consultants, and

13   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

14   have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15             (f) mock jurors who have signed an Undertaking, the content of which shall be

16   agreed upon by the Parties; and

17             (g) the author or recipient of a document containing the information or a

18   custodian or other person who otherwise possessed or knew the information.

19   **8.    SOURCE CODE**

20             (a) To the extent production of source code becomes necessary in this case, a

21   Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE

22   CODE" if it compromises or includes confidential, proprietary, or trade secret source code.

23             (b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

24   CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

25   ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to

26   whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be

27   disclosed, as set forth in Paragraph 7.3, with the exception of Designated House Counsel.

28             (c) Any source code produced in discovery shall be made available for inspection

in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times at a location that is mutually agreed upon.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in Paragraph 8(c) in the first instance.  The Producing Party shall provide all such source code in paper form including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of the day and must not be given to or left with a court report or any other unauthorized

1  individual.

2  **9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

3

4          If a Party is served with a subpoena or a court order issued in other litigation that compels

5  disclosure of any information or items designated in this action as "CONFIDENTIAL,"

6  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

7  – SOURCE CODE" that Party must:

8          (a)  promptly notify in writing the Designating Party.  Such notification shall

9  include a copy of the subpoena or court order;

10          (b)  promptly notify in writing the party who caused the subpoena or order to issue

11  in the other litigation that some or all of the material covered by the subpoena or order is subject

12  to this Protective Order.  Such notification shall include a copy of this Stipulated Protective

13  Order; and

14          (c)  cooperate with respect to all reasonable procedures sought to be pursued by

15  the Designating Party whose Protected Material may be affected.

16          If the Designating Party timely seeks a protective order, the Party served with the

17  subpoena or court order shall not produce any information designated in this action as

18  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

19  "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from

20  which the subpoena or order issued, unless the Party has obtained the Designating Party's

21  permission.  The Designating Party shall bear the burden and expense of seeking protection in

22  that court of its confidential material – and nothing in these provisions should be construed as

23  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

24  another court.

25  **10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

26

27          (a)  The terms of this Order are applicable to information produced by a Non-

28  Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non- Party's confidential information in its possession, and the Party is subject to an agreement with the Non- Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

12.1    The production without manual review of any privileged or otherwise protected document or ESI, whether inadvertent or otherwise, is not and shall not be deemed a waiver or impairment of any claim of privilege or protection arising under the attorney-client privilege, the protection afforded to work-product materials, or any other privilege or protection from discovery, in these cases or in any other federal or state proceeding, as long as the Producing Party follows the procedure in Section 12.2.

12.2    If any Producing Party learns that its privileged or protected material has been produced, it must promptly notify the Receiving Parties in writing.  The Producing Party and the Receiving Parties shall then apply the procedures and terms set forth in Sections 12.3 and 12.4.

12.3    Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, or destroy such Discovery Material and certify that destruction to the Producing Party.

12.4    Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

12.5    Nothing herein is intended to shift the burden imposed by law, in the event of a challenge by any Receiving Party, of establishing the privileged or protected nature of any privileged or protected information.

12.6    Nothing herein is intended to or shall serve to limit any Producing Party's rights

to conduct a review of documents or ESI (including metadata) for relevance, responsiveness, and/or privilege or protection from discovery before production.

**13.   MISCELLANEOUS**

13.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

**14.   FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  April 29, 2021                By  */s/ Adam B. Wolfson*_____
                                                 QUINN, EMANUEL, URQUHART &
                                                     SULLIVAN, LLP
                                                 Stephen A. Swedlow (*pro hac vice*)
                                                 David A. Nelson (*pro hac vice*)
                                                 Marc L. Kaplan (*pro hac vice*)
                                                 191 N. Wacker Drive, Suite 2700
                                                 Chicago, IL 60606-1881
                                                 Telephone:  (312) 705-7400

                                                 Adam B. Wolfson (Bar No. 262125)
                                                 Joseph Sarles (Bar No. 254750)
                                                 865 South Figueroa Street, 10th Floor
                                                 Los Angeles, CA 90017-2543
                                                 Telephone:  (213) 443-3000

                                                 *Counsel for Plaintiff SaurikIT, LLC*

DATED:  April 29, 2021                By  */s/ Karen L. Dunn*_____
                                                 PAUL, WEISS, RIFKIND, WHARTON & GARRISON
                                                     LLP
                                                 Karen L. Dunn (*pro hac vice*)
                                                 William A. Isaacson (*pro hac vice*)
                                                 Jessica E. Phillips (DC SBN 991072; *pro hac
                                                 vice*)
                                                 2001 K Street, NW
                                                 Washington, DC  20006-1047
                                                 Telephone:  (202) 223-7300
                                                 Facsimile:  (202) 223-7420
                                                 kdunn@paulweiss.com
                                                 wisaacson@paulweiss.com
                                                 jphillips@paulweiss.com

1

2        Yahonnes S. Cleary (NY SBN 4802492; *pro
         hac vice*)
3        1285 Avenue of the Americas
         New York, NY 10019-6064
4        Telephone:       (212) 373-3000
         Facsimile: (212) 757-3990
5        ycleary@paulweiss.com

6        Meredith R. Dearborn (SBN 268312)
         943 Steiner St.
7        San Francisco, CA 94117
         Telephone:  (202) 223-7300
         Facsimile:  (202) 223-7420
8

9    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

10

11   DATED:  ___June 24, 2021___

12                                  **YVONNE GONZALEZ ROGERS**
                                    **UNITED STATES DISTRICT JUDGE**
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION BETWEEN SAURIKIT, LLC AND APPLE INC. AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 4:20-cv-08733-YGR
19

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3          I, [print or type full name], of _____ [print or type full address], declare

4    under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

5    Order that was issued by the United States District Court for the Northern District of California

6    on _____ [date] in the case of *SaurikIT, LLC*  v. *Apple Inc.*, No. 4:20-cv-

7    08733-YGR.  I agree to comply with and to be bound by all the terms of this Stipulated

8    Protective Order and I understand and acknowledge that failure to so comply could expose me to

9    sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose

10   in any manner any information or item that is subject to this Stipulated Protective Order to any

11   person or entity except in strict compliance with the provisions of this Order.

12         I further agree to submit to the jurisdiction of the United States District Court for the

13   Northern District of California for the purpose of enforcing the terms of this Stipulated

14   Protective Order, even if such enforcement proceedings occur after termination of this action.

15         I hereby appoint [print or type full name] of _____ [print or type full

16   address and telephone number] as my California agent for service of process in connection with

17   this action or any proceedings related to enforcement of this Stipulated Protective Order.

18

19   Date: _____

20   City and State where sworn and signed: _____

21

22   Printed name: _____

23

24   Signature: _____

25

26

27

28

STIPULATION BETWEEN SAURIKIT, LLC AND APPLE INC. AND
[PROPOSED] PROTECTIVE ORDER
CASE NO. 4:20-cv-08733-YGR
20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION REGARDING CONCURRENCE

I, Adam B. Wolfson, am the ECF user whose identification and password are being used to file this STIPULATION BETWEEN SAURIKIT, LLC AND APPLE INC. AND [PROPOSED] PROTECTIVE ORDER.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all of the signatories listed above have concurred in this filing.


Dated:  April 29, 2021

QUINN, EMANUEL, URQUHART & SULLIVAN, LLP

By:  */s/ Adam B. Wolfson*
Adam B. Wolfson