QUINN EMANUEL URQUHART & SULLIVAN, LLP
Adam B. Wolfson (SBN 262125)
adamwolfson@quinnemanuel.com
Joseph Sarles (SBN 254750)
josephsarles@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Stephen A. Swedlow (*pro hac vice*)
stephenswedlow@quinnemanuel.com
David A. Nelson (*pro hac vice*)
davenelson@quinnemanuel.com
Marc L. Kaplan (*pro hac vice*)
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Attorneys for Plaintiff SaurikIT, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SAURIKIT, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | No. 20-cv-08733-YGR<br>Related Case<br><br>**[PROPOSED] ORDER GRANTING SAURIKIT, LLC'S MOTION FOR CLARIFICATION**<br><br>Date: July 19, 2022<br>Time: 2:00 pm<br>Courtroom: 1, 4th Floor (via Zoom)<br><br>The Honorable Yvonne Gonzalez Rogers |

[PROPOSED] ORDER GRANTING SAURIKIT, LLC'S MOTION FOR CLARIFICATION
Case No. 20-cv-08733-YGR

On June 9, 2022, Plaintiff SaurikIT, LLC ("Cydia") moved for clarification of the Court's Order Granting in Part and Denying in Part Motion to Dismiss First Amended Complaint (Dkt. 80) (the "Order").  The Court having fully reviewed and considered all papers and arguments submitted in support of and in opposition to the Motion, and for the reasons set forth below, hereby **GRANTS** Cydia's Motion.

Under Supreme Court and Ninth Circuit precedent, an antitrust scheme must be analyzed in its entirety, looking at all of the different acts and restraints a defendant placed on the market to determine the harm to competition and the plaintiff's personal injury flowing from that competitive harm.  *See*, *e.g.*, *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 118-119 (1969) (analyzing antitrust damages claim based on effects from the entirety of anticompetitive scheme, rather than just the acts within the limitations period); *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 933 F.3d 1136, 1152 (9th Cir. 2019) (noting antitrust claim must be assessed based on the totality of the alleged restraints); *see also City of Anaheim v. S. California Edison Co.*, 955 F.2d 1373, 1376 (9th Cir. 1992) ("[I]t would not be proper to focus on specific individual acts of an accused monopolist while refusing to consider their overall combined effect…. We are not dealing with a mathematical equation. We are dealing with what has been called the 'synergistic effect' of the mixture of the elements.").

In the case of damages claims brought more than four years after the scheme began, the pre-limitations acts remain relevant to proving the anticompetitive scheme, both because the but-for world extends back to the beginning of the scheme and because such acts are typically relevant to other elements of certain antitrust claims, such as the intent to monopolize element of an attempted monopolization claim (like the one Cydia brings here). *See*, *e.g.*, *Zenith Radio*, 395 U.S. at 118-119; *In re Glumetza Antitrust Litig.*, 336 F.R.D. 468, 479-480 (N.D. Cal. 2020) (analyzing antitrust damages model based on but-for world in which defendants never engaged in anticompetitive restraints, although damages were limited to just the four years preceding the lawsuit); *see also Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*, 95 F.R.D. 398, 399 (S.D.N.Y. 1982) ("discovery in antitrust cases routinely goes beyond the statutory period, and plaintiff is permitted

to discover defendant's activities for a reasonable period of time antedating the earliest possible date of the actionable wrong") (internal quotations and citations omitted).

Accordingly, **IT IS HEREBY ORDERED** that:

The Court **CLARIFIES** that Cydia may seek discovery of and, at trial, introduce evidence of Apple's historical and current practice of imposing contractual and other coercive restraints on Cydia's potential developer and consumer customers in order to prevent them from using Cydia or any other rival app store, even though the Court has determined that such acts are not new "overt acts" for the purposes of the statute of limitations.

**IT IS SO ORDERED.**

Dated: _____

HON. YVONNE GONZALEZ ROGERS
United States District Judge