QUINN EMANUEL URQUHART & SULLIVAN, LLP
Adam B. Wolfson (SBN 262125)
adamwolfson@quinnemanuel.com
Joseph Sarles (SBN 254750)
josephsarles@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Stephen A. Swedlow (*pro hac vice*)
stephenswedlow@quinnemanuel.com
David A. Nelson (*pro hac vice*)
davenelson@quinnemanuel.com
Marc L. Kaplan (*pro hac vice*)
marckaplan@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Attorneys for Plaintiff SaurikIT, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SAURIKIT, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>  Defendant. | No. 20-cv-08733-YGR<br>Related Case<br><br>**[PROPOSED] ORDER GRANTING SAURIKIT, LLC'S MOTION FOR LEAVE TO SEEK RECONSIDERATION**<br><br>Date: July 19, 2022<br>Time: 2:00 pm<br>Courtroom: 1, 4th Floor (via Zoom)<br><br>The Honorable Yvonne Gonzalez Rogers |

On June 9, 2022, Plaintiff SaurikIT, LLC ("Cydia") moved for leave to seek reconsideration of the Court's Order Granting in Part and Denying in Part Motion to Dismiss First Amended Complaint (Dkt. 80) (the "Order").  The Court having fully reviewed and considered all papers and arguments submitted in support of and in opposition to the Motion, and for the reasons set forth below, hereby **GRANTS** Cydia's motion.

Local Rule 7-9(a) states that "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Local Rule 7–9(b) requires that a party seeking leave to file a motion for reconsideration show reasonable diligence in making the motion and one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Although the Court is cognizant that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources," *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003), Cydia has presented argument here that the Court manifestly failed to consider both material facts and dispositive legal arguments that Cydia previously presented in opposing Defendant Apple Inc.'s motion to dismiss, including because: (1) Cydia presented unchallenged allegations that Apple enforced tying and exclusive dealing agreements within the limitations period, which legally constitute overt acts in support of a continuing antitrust violation; (2) contrary to the Court's ruling in the Order, Cydia need not allege new types of overt acts, but simply new instances of overt acts; (3) tying and exclusive dealing arrangements are, as a matter of law, equivalent to the customer steering that the Ninth Circuit held in *Hennegan v. Pacifico*

*Creative Serv., Inc.*, 787 F.2d 1299, 1301 (9th Cir. 1986), and therefore constitute new overt acts here because Apple does not contest the sufficiency of Cydia's allegations that Apple entered millions of such agreements within the limitations period; and (4) contrary to the Court's ruling, the Ninth Circuit, in *Samsung Elecs. Co. v. Panasonic Corp.*, 747 F.3d 1199 (9th Cir. 2014), did not hold that whether anticompetitive contracts related to new products were overt acts depended on a preexisting relationship between the parties, thereby rendering *Samsung*'s core holding applicable to this case and, more specifically, to Cydia's allegations that Apple committed new overt acts by entering new tying and exclusive dealing agreements within the four years preceding this lawsuit.

Accordingly, **IT IS HEREBY ORDERED** that:

Cydia is **GRANTED** leave to seek reconsideration of the Court's Order.

**IT IS SO ORDERED.**

Dated: _____

HON. YVONNE GONZALEZ ROGERS
United States District Judge