1  GIBSON, DUNN & CRUTCHER LLP
   JAY P. SRINIVASAN, SBN 181471
2  jsrinivasan@gibsondunn.com
   333 South Grand Avenue
3  Los Angeles, CA 90071-3197
   Telephone: 213.229.7000
4  Facsimile: 213.229.7520

5  BETTY X. YANG (Texas Bar No. 24088690; pro hac vice)
   byang@gibsondunn.com
6  2100 McKinney Avenue, Suite 1100
   Dallas, TX 75201-6912
7  Telephone: 214.698.3100
   Facsimile: 214.571.2900

8
9  HENRY H. CORNILLIE, SBN 324821
   hcornillie@gibsondunn.com
10 555 Mission Street, Suite 3000
   San Francisco, CA 94105-0921
11 Telephone: 415.393.8200
   Facsimile: 415.393.8306

12
13 Attorneys for Defendant, APPLE INC.

**UNITED STATES DISTRICT COURT**

14

**NORTHERN DISTRICT OF CALIFORNIA**

15

**OAKLAND DIVISION**

16

| | |
|---|---|
| SAURIKIT, LLC, | CASE NO. 4:20-cv-08733-YGR |
| Plaintiffs, | **DEFENDANT APPLE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF SAURIKIT, LLC'S FIRST AMENDED COMPLAINT** |
| v. | |
| APPLE INC., | **JURY TRIAL DEMANDED** |
| Defendant. | The Honorable Yvonne Gonzalez Rogers |

17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

## PRELIMINARY STATEMENT TO APPLE'S ANSWER

Plaintiff is the proprietor of an unauthorized app store on the Internet that distributes the equivalent of bootleg native apps to Apple iOS devices by circumventing (and requiring iOS device users to circumvent) the security protections of iOS devices, thereby exposing these users to fraud, piracy, and malicious software. In 2018, Plaintiff, by its own account, was forced to discontinue its service when a security researcher discovered and publicized a security vulnerability in Plaintiff's payment processing system. At the time, Plaintiff acknowledged its own responsibility and laid no blame on Apple, explaining: "the bug was serious, and affected people actively logged in to Cydia: it is stupid of specifically me that I have made such a massive error in the Cydia Store backend."

This incident, and its potentially calamitous consequences for Plaintiff's users, illustrate why Apple designs its revolutionary devices—including the iPhone and iPad—and the Apple App Store— a digital store where iPhone and iPad users can discover and download native applications—to safeguard the user experience. Consumers demand Apple's products because they are secure, reliable, and harness the very latest technologies, and because Apple is constantly developing and regularly releasing updates to the software that runs on its devices to address, among other things, security vulnerabilities that bad actors try to create and exploit. Apple's unwavering commitment to the safety, security, and reliability of its devices has yielded incredible success despite fierce competition from myriad competitors in many markets. Since its creation, and as a direct result of Apple's efforts and investments, the App Store has grown into a diverse marketplace with a community of tens of millions of app developers worldwide, with roughly a billion consumers across 175 countries.

In December 2020, despite Plaintiff having closed its app store because of its own recklessness, Plaintiff filed this lawsuit accusing Apple of driving it out of business, parroting allegations from other litigations concerning Apple's contractual relationships with iOS developers and consumers. When Plaintiff's original Complaint was dismissed as untimely, it then contrived an antitrust theory by misattributing the failure of its store to Apple's software updates, rather than the 2018 blunder for which Plaintiff itself had already publicly taken responsibility.

Plaintiff's contrived theory is factually baseless.  Even were it not, the conduct Plaintiff challenges—genuine product improvements that protect Apple's users' security and privacy—cannot support antitrust liability.  Apple looks forward to defending itself against Plaintiff's meritless claims.

### ANSWER TO PLAINTIFF'S COMPLAINT[1]

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant Apple Inc. ("Apple"), by and through its undersigned counsel, hereby answers and asserts defenses to the claims and allegations made by SaurikIT, LLC ("SaurikIT" or "Plaintiff") in the First Amended Complaint ("FAC").

Except as otherwise expressly admitted in this Answer, Apple denies each and every allegation contained in the FAC, including, without limitation, any allegations contained in the preamble, headings, subheadings, or footnotes of the FAC, and specifically denies any liability to Plaintiff.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, moreover, allegations in the Complaint to which no responsive pleading is required shall be deemed to be denied.  Apple expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.[2]

### RESPONSE TO SPECIFIC ALLEGATIONS

### I.   INTRODUCTION

1.    Apple admits that the App Store is a means through which users can locate, download, and pay for native iPhone apps.  Apple admits that the App Store generates billions of dollars in

---

[1]   Federal Rule of Civil Procedure 10(b) requires that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); *see, e.g.*, *Bernath v. YouTube LLC*, 2017 WL 1050070, at *2 (M.D. Fla. Mar. 20, 2017) ("Plaintiff also alleges facts in various and lengthy footnotes that will not be considered as they are not properly stated in numbered paragraphs pursuant to Fed. R. Civ. P. 10(b)."); *Holmes v. Gates*, 2010 WL 956412, at *1 n.1 (M.D. Pa. Mar. 11, 2010) ("[T]he use of . . . footnotes run counter to the pleading requirements set forth by Federal Rule of Civil Procedure 10(b).").  No response is therefore required to the FAC's footnotes.  In any event, except as expressly admitted, Apple denies any and all allegations contained in footnotes; to the extent footnotes purport to reference publicly available material, such material speaks for itself, and Apple denies any and all characterization thereof.

[2]   Answers to each paragraph of the FAC are made by Apple without waiving, but expressly reserving, all rights Apple may have to seek relief by appropriate motions directed to the allegations in the FAC.

commerce annually.  Except to the extent expressly admitted, Apple denies the remaining allegations in Paragraph 1.

2.      Apple denies the allegations in Paragraph 2.

3.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 regarding the Plaintiff and on that basis denies them.  Apple denies the remainder of the allegations in Paragraph 3.

4.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 regarding the Plaintiff and on that basis denies them.  Apple denies the remainder of the allegations in Paragraph 4.

5.      The allegations in Paragraph 5 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 5.

6.      Apple admits that the Court asked at the January 5, 2022 hearing about the timing of Plaintiff's Complaint.  Apple further admits that since 2008 it has made periodic technological updates to iOS software.  Except to the extent expressly admitted, Apple denies the allegations in Paragraph 6.

7.      To the extent the allegations in Paragraph 7 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 7.

8.      To the extent the allegations in Paragraph 8 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Apple admits that Paragraph 8 selectively quotes alleged statements by various government representatives which speak for themselves.  Except to the extent expressly admitted, Apple denies the allegations in Paragraph 8.

9.      To the extent the allegations in Paragraph 9 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 9.

## II.     THE PARTIES

10.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies them.

11.     Apple admits that Apple is a California corporation with its principal place of business in Cupertino, California.  Apple admits that it sells hardware, including iPhones, iPads, Watches, and Mac computers, and "administers" iOS and the Apple App Store.  Apple admits that it has set policies for the App Store and contracted with certain app developers and consumers.  Except to the extent expressly admitted, Apple denies the allegations in Paragraph 11.

## III.     JURISDICTION AND VENUE

12.     To the extent the allegations in Paragraph 12 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any response is required, Apple admits that Plaintiff purports to plead jurisdiction pursuant to 15 U.S.C. § 26, and 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Except to the extent expressly admitted, Apple denies the allegations in Paragraph 12.

13.     To the extent the allegations in Paragraph 13 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any response is required, Apple admits that Apple's principal place of business is in this District and that Plaintiff purports to plead personal jurisdiction.  Except to the extent expressly admitted, Apple denies the allegations in Paragraph 13.

14.     To the extent the allegations in Paragraph 14 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any response is required, Apple admits that Plaintiff purports to allege that venue in this District is proper pursuant to 28 U.S.C. § 1391 and 15 U.S.C. § 22.  Except to the extent expressly admitted, Apple denies the allegations in Paragraph 14.

## IV.     INTRADISTRICT ASSIGNMENT

15.     To the extent that the allegations in Paragraph 15 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any response is required, Apple admits that *Cameron v. Apple Inc.*, 19-cv-03074-YGR and *In re Apple iPhone Antitrust Litig.*, 11-cv-

06714-YGR are currently pending in the Oakland Division.  Except to the extent expressly admitted, Apple denies the allegations in Paragraph 15.

## V.    RELEVANT FACTS

16.    To the extent the allegations in Paragraph 16 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 16.

### A.    CYDIA—AN IOS APP STORE BEFORE THE APP STORE

17.    Apple admits that when the first iPhone launched, it had cutting edge hardware and came with Apple apps, including a web browser and an email client.  Apple admits that the first iPhone did not have a mechanism for users to download and install native applications or features. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 17.

18.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies them.

19.    To the extent the allegations in Paragraph 19 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 19.

20.    Apple admits that software applications have been sold through brick-and-mortar stores, online websites, and OEM-provided marketplaces.  Apple further admits that Mac software has been sold on disks from brick-and-mortar stores and from the internet.  Apple further admits that software application marketplaces compete with each other, and that Apple competes with others in the distribution of software for its devices.  Except as expressly admitted, Apple denies the allegations in Paragraph 20.

21.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 regarding the Plaintiff and on that basis denies them.  Apple denies the remaining allegations in Paragraph 21.

22.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 regarding the Plaintiff and on that basis denies them.  Apple admits that Apple's iOS and applications have enabled features including the control center, predictive

keyboards, rich text formatting for email, and accessing the camera from the lock screen.  Except as expressly admitted, Apple denies the allegations in Paragraph 22.

23.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 regarding the Plaintiff and on that basis denies them.  Apple denies the remainder of the allegations in Paragraph 23.

24.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 regarding the Plaintiff and on that basis denies them.  Apple admits that Cydia's software uses tools, software development kits, APIs, and other programming features Apple has made available to iOS developers.  Except as expressly admitted, Apple denies the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 regarding the Plaintiff and on that basis denies them.  Apple denies the remainder of the allegations in Paragraph 25.

**B.      APPLE MONOPOLIZES THE IOS APP DISTRIBUTION AND IOS APP PAYMENT PROCESSING MARKETS**

**1.      Apple Belatedly Launches Its Own App Store**

26.     The allegations in Paragraph 26 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple admits that the Apple App Store launched in July 2008.  Except as expressly admitted, Apple denies the allegations in Paragraph 26.

27.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 regarding what third parties preferred and on that basis denies them.  Apple denies the remaining allegations in Paragraph 27.

28.     The allegations in Paragraph 28 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple admits that it has preinstalled the App Store app on iPhones.  Apple further admits that the

Gibson, Dunn &
Crutcher LLP

App Store app cannot be removed.  Apple further admits that it has introduced new models of iPhone since 2008, including the iPhone XS, the iPhone XS Max, the iPhone XR, the iPhone 11, the iPhone 11 Pro, the iPhone 11 Max, the iPhone SE, the iPhone 12 mini, the iPhone 12, the iPhone 12 Pro, the iPhone 12 Pro Max, the iPhone 13, the iPhone 13 mini, the iPhone 13 Pro, and the iPhone 13 Pro Max.  Apple further admits that it provides a warranty agreement with new iPhone device activations.  Except as expressly admitted, Apple denies the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple admits that it provides a warranty agreement with new iPhone device activations.  Except as expressly admitted, Apple denies the allegations in Paragraph 29.

30.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 regarding the Plaintiff and on that basis denies them.  Apple admits that it offers a highly curated App Store where every native app is reviewed before being made available for download to Apple iOS devices.  Apple also admits third-party developers create many iOS apps, and that Apple takes a commission on a small proportion of app downloads and in-app transactions.  Except as expressly admitted, Apple denies the allegations in Paragraph 30.

31.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 regarding the Plaintiff and on that basis denies them.  Apple admits that for paid native apps downloaded from the App Store and in-app purchases for digital goods and services, the user pays Apple, which in turn remits the developer's proceeds, net Apple's commissions, to the developer.  Except as expressly admitted, Apple denies the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple admits that developers have entered into the Apple Developer Agreement, the Apple Developer Program License Agreement, and Schedule 2 to the License Agreement.  Except as expressly admitted, Apple denies the allegations in Paragraph 32.

33.     The allegations in Paragraph 33 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple admits that iOS app developers must receive Apple's approval for their apps and in-app products before they can be distributed through the App Store.  Except as expressly admitted, Apple denies the allegations in Paragraph 33.

34.     Apple admits that app developers can monetize their native apps, including through free apps, paid apps, apps that offer optional features via in-app payment, apps that operate through subscriptions, apps that include paid app downloads and paid in-app content, apps that sell physical goods and services, as well as hybrid combinations of these monetization strategies.  Except as expressly admitted, Apple denies the allegations in Paragraph 34.

35.     The allegations in Paragraph 35 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 35.

36.     To the extent the allegations in Paragraph 36 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Apple admits that the App Store is a successful app marketplace that has benefited developers and consumers alike.  Apple further admits that, over time, the number of apps in the App Store has grown from the hundreds to over a million, and that there have been billions of app downloads on the App Store.  Except as expressly admitted, Apple denies the allegations in Paragraph 36.

37.     Apple admits that, for many consumers, apps have become an important part of the smartphone experience.  Apple admits that worldwide revenues from paid apps and in-app purchases have increased from 2011 to 2021.  Except as expressly admitted, Apple denies the allegations in Paragraph 37.

38.     To the extent the allegations in Paragraph 38 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Apple admits that the App Store generates billions of dollars in commerce annually.  Except as expressly admitted, Apple denies the allegations in Paragraph 38.

### 2. Apple Has Monopoly Power in the Relevant Markets for iOS App Distribution and iOS App Payment Processing

39. To the extent the allegations in Paragraph 39 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 39.

(i)    iOS app distribution

40. Apple denies the allegations in Paragraph 40.

41. Apple admits that it introduced the App Store in July 2008. Apple further admits that the App Store offers choice and breadth of apps. Apple further admits that Apple has promoted the iPhone with the slogan "there's an app for that." Except as expressly admitted, Apple denies the allegations in Paragraph 41.

42. Apple admits that there is demand for iOS devices, including the iPhone, and that these iOS devices compete with other devices. Apple further admits that consumers in the United States own nearly 200 million iPhones and tens of millions of other iOS devices, including iPads. Except as expressly admitted, Apple denies the allegations in Paragraph 42.

43. Apple admits that iOS users can store photos, video, music files, and other files on iCloud. Except as expressly admitted, Apple denies the allegations in Paragraph 43.

44. The allegations in Paragraph 44 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order. Insofar as any responsive pleading is required, Apple admits that the App Store apps is preinstalled on every model of the iPhone that has been introduced since 2008. Except as expressly admitted, Apple denies the allegations in Paragraph 44.

45. The allegations in Paragraph 45 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order. Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 45.

46. Apple admits Android users can download Android applications from application marketplaces that include Google's Play Store, Amazon's Appstore, and Samsung's Galaxy Store. Except as expressly admitted, Apple denies the remaining allegations in Paragraph 46.

47. Apple denies the allegations in Paragraph 47.

DEFENDANT APPLE INC.'S ANSWER AND DEFENSES TO SAURIKIT, LLC.'S FIRST AMENDED COMPLAINT
CASE NO. 4:20-CV-08733-YGR

48.     To the extent the allegations in Paragraph 48 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any response is required, Apple admits that Swift and Objective-C are programming languages for iOS apps.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 regarding what programming language any particular developer may know and on that basis denies them.  Except as expressly admitted, Apple denies the allegations in Paragraph 48.

49.     Apple denies the allegations in Paragraph 49.

50.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 regarding the operating system compatibility of apps distributed via Google Play and Amazon.com and on that basis denies them.  Apple denies the remaining allegations in Paragraph 50.

51.     To the extent the allegations in Paragraph 51 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any response is required, Apple denies the allegations in Paragraph 51.

52.     Apple admits that the Apple Developer Enterprise Program allows large organizations to develop and deploy proprietary, internal-use apps to their employees.  Except as expressly admitted, Apple denies the allegations in Paragraph 52.

(ii)     iOS app payment processing

53.     The allegations in Paragraph 53 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple admits that some third-party app developers have built purchase options into their apps, such as upgraded versions of the app, special game options (e.g., tokens, special outfits, extra characters, etc.), subscriptions, and other features.  Except as expressly admitted, Apple denies the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and on that basis denies them.

55.    The allegations in Paragraph 55 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 55.

56.    The allegations in Paragraph 56 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 56.

57.    The allegations in Paragraph 57 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple admits that Epic Games's *Fortnite* app was removed from the App Store.  Except as expressly admitted, Apple denies the allegations in Paragraph 57.

58.    The allegations in Paragraph 58 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple admits that it takes a 30% commission on certain transactions.  Apple further admits that Apple announced in 2020 a program whereby certain developers may qualify for a lower commission.  Apple further admits that a proposed settlement was announced in *Cameron et al. v. Apple Inc.*, No. 19-cv-03074-YGR (N.D. Cal.).  Except as expressly admitted, Apple denies the allegations in Paragraph 58.

59.    The allegations in Paragraph 59 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as responsive pleading is required, Apple denies the allegations in Paragraph 59.

60.    The allegations in Paragraph 60 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as responsive pleading is required, Apple denies the allegations in Paragraph 60.

(iii)    Monopoly power

61.    To the extent the allegations in Paragraph 61 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 61.

62.     To the extent the allegations in Paragraph 62 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 62.

63.     To the extent the allegations in Paragraph 63 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 63.

64.     To the extent the allegations in Paragraph 64 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 64.

65.     To the extent the allegations in Paragraph 65 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 65.

### 3.     Apple's Anticompetitive Conduct and the Antitrust Injury

66.     To the extent the allegations in Paragraph 66 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 66.

#### (i)     Anticompetitive conduct in iOS app distribution

67.     The allegations in Paragraph 67 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 67.

68.     The allegations in Paragraph 68 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple admits that it filed a 27-page comment on a proposed rulemaking by the U.S. Copyright Office regarding access control technologies.  Except as expressly admitted, Apple denies the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 69.

70.     The allegations in Paragraph 70 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 71.

72.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 regarding AltStore and on that basis denies them.  Apple denies the remaining allegations in Paragraph 72.

73.     Apple denies the allegations in Paragraph 73.

74.     The allegations in Paragraph 74 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 74.

75.     Apple admits that Apple has released periodic updates to its iOS software, including with regard to entitlements and code signing.  Except as expressly admitted, Apple denies the allegations in Paragraph 75.

76.     Apple admits that Apple has released periodic updates to its iOS software, including to implement runtime code modification prevention, pointer authentication, physical map codesigning, and memory tagging extensions.  Except as expressly admitted, Apple denies the allegations in Paragraph 76.

77.     The allegations in Paragraph 77 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple admits that it preinstalls the App Store app on every iOS device it sells and does not permit users to uninstall the App Store app.  Except as expressly admitted, Apple denies the allegations in Paragraph 77.

1    (ii)    iOS app payment processing

2    78.    The allegations in Paragraph 78 concern conduct and theories dismissed as time-

3  barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required,

4  Apple denies the allegations in Paragraph 78.

5    79.    The allegations in Paragraph 79 concern conduct and theories dismissed as time-

6  barred pursuant to the Court's May 26, 2022 Order.  Apple responds further that to the extent the

7  allegations in Paragraph 79 are legal conclusions and characterizations, no responsive pleading is

8  required.  Insofar as any responsive pleading is required, Apple denies the allegations in

9  Paragraph 79.

10    80.    The allegations in Paragraph 80 concern conduct and theories dismissed as time-

11  barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required,

12  Apple admits that developers seeking to distribute their apps on the App Store are required to follow

13  Apple's App Store Review Guidelines.  Apple further admits that the allegations in Paragraph 80

14  purport to quote from the App Store Review Guidelines, which speak for themselves.  Except as

15  expressly admitted, Apple denies the allegations in Paragraph 80.

16    81.    The allegations in Paragraph 81 concern conduct and theories dismissed as time-

17  barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required,

18  Apple admits that the allegations in Paragraph 81 purport to quote from the App Store Review

19  Guidelines, which speak for themselves.  Except as expressly admitted, Apple denies the allegations

20  in Paragraph 81.

21    82.    The allegations in Paragraph 82 concern conduct and theories dismissed as time-

22  barred pursuant to the Court's May 26, 2022 Order.  Apple responds further that to the extent the

23  allegations in Paragraph 82 are legal conclusions and characterizations, no responsive pleading is

24  required.  Insofar as any responsive pleading is required, Apple denies the allegations in

25  Paragraph 82.

26    83.    The allegations in Paragraph 83 concern conduct and theories dismissed as time-

27  barred pursuant to the Court's May 26, 2022 Order.  Apple responds further that to the extent the

28  allegations in Paragraph 83 are legal conclusions and characterizations, no responsive pleading is

required.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 83.

(iii)  <u>The harm to competition from these anticompetitive acts, and Cydia's antitrust injury</u>

84.  Apple denies the allegations in Paragraph 84.

85.  Apple denies the allegations in Paragraph 85.

86.  Apple admits that the annual fee for participation in the Developer Program is $99. Apple further admits that Apple introduced App Store Guideline 4.2.6 in June 2017 to prevent the distribution of spam and clone apps.  Apple further admits that it clarified the language of App Store Guideline 4.2.6 in December 2017.  Except as expressly admitted, Apple denies the allegations in Paragraph 86.

87.  Apple denies the allegations in Paragraph 87.

88.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 regarding the Plaintiff and on that basis denies them.  Otherwise, Apple denies the allegations in Paragraph 88.

89.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 regarding third parties and on that basis denies them.  Otherwise, Apple denies the allegations in Paragraph 89.

90.  Apple denies the allegations in Paragraph 90.

91.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 regarding third parties and on that basis denies them.  Otherwise, Apple denies the allegations in Paragraph 91.

92.  Apple denies the allegations in Paragraph 92.

93.  Apple denies the allegations in Paragraph 93.

94.  Apple denies the allegations in Paragraph 94.

95.  Apple denies the allegations in Paragraph 95.

1

**INTERSTATE TRADE AND COMMERCE**

2    96.    Because the allegations in Paragraph 96 are legal conclusions and characterizations,

3    no response is required.

4

**COUNT I**

5

**Sherman Act Section 2 – Monopolization (15 U.S.C. § 2)**

6    97.    Apple reasserts and hereby incorporates by reference its responses to each Paragraph

7    of Plaintiff's FAC, as though fully set forth herein.

8    98.    Apple denies the allegations in Paragraph 98.

9    99.    Apple denies the allegations in Paragraph 99.

10    100.    Apple denies the allegations in Paragraph 100.

11    101.    Apple denies the allegations in Paragraph 101.

12        Aftermarket monopolization

13    102.    Apple denies the allegations in Paragraph 102.

14    103.    Apple denies the allegations in Paragraph 103.

15    104.    Apple denies the allegations in Paragraph 104.

16        Tying arrangements – iOS devices and iOS app distribution

17    105.    The allegations in Paragraph 105 concern conduct and theories dismissed as time-

18    barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required,

19    Apple denies the allegations in Paragraph 105.

20    106.    The allegations in Paragraph 106 concern conduct and theories dismissed as time-

21    barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required,

22    Apple denies the allegations in Paragraph 106.

23    107.    The allegations in Paragraph 107 concern conduct and theories dismissed as time-

24    barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required,

25    Apple denies the allegations in Paragraph 107.

26    108.    The allegations in Paragraph 108 concern conduct and theories dismissed as time-

27    barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required,

28    Apple denies the allegations in Paragraph 108.

109.    The allegations in Paragraph 109 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 109.

110.    The allegations in Paragraph 110 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 110.

<u>Tying arrangements – iOS app distribution and iOS app payment processing</u>

111.    The allegations in Paragraph 111 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 111.

112.    The allegations in Paragraph 112 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 112.

113.    The allegations in Paragraph 113 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 113.

114.    The allegations in Paragraph 114 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 114.

115.    The allegations in Paragraph 115 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 115.

<u>Coercion of and threats against disloyal developers</u>

116.    The allegations in Paragraph 116 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 116.

117.    The allegations in Paragraph 117 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 117.

118.    The allegations in Paragraph 118 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 118.

119.    The allegations in Paragraph 119 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 119.

<u>Vertically arranged boycotts</u>

120.    The allegations in Paragraph 120 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 120.

121.    The allegations in Paragraph 121 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 121.

122.    The allegations in Paragraph 122 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 122.

<u>Exclusive Dealing</u>

123.    The allegations in Paragraph 123 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 123.

124.    The allegations in Paragraph 124 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 124.

125.     The allegations in Paragraph 125 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 125.

126.     The allegations in Paragraph 126 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 126.

127.     The allegations in Paragraph 127 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 127.

128.     The allegations in Paragraph 128 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 128.

129.     The allegations in Paragraph 129 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 129.

130.     The allegations in Paragraph 130 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 130.

<u>Leveraging</u>

131.     Apple denies the allegations in Paragraph 131.

132.     Apple denies the allegations in Paragraph 132.

133.     Apple denies the allegations in Paragraph 133.

134.     Apple denies the allegations in Paragraph 134.

135.     Apple denies the allegations in Paragraph 135.

136.     Apple denies the allegations in Paragraph 136.

137.     Apple denies the allegations in Paragraph 137.

## **COUNT II**

### **Sherman Act Section 2 – Attempted Monopolization**

138.    Apple reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiff's FAC, as though fully set forth herein.

139.    Apple denies the allegations in Paragraph 139.

140.    Apple denies the allegations in Paragraph 140.

141.    Apple denies the allegations in Paragraph 141.

142.    Apple denies the allegations in Paragraph 142.

143.    Apple denies the allegations in Paragraph 143.

144.    Apple denies the allegations in Paragraph 144.

145.    Apple denies the allegations in Paragraph 145.

146.    Apple denies the allegations in Paragraph 146.

## **COUNT III**

### **Sherman Act Section 1 – Unreasonable Restraint of Trade**

147.    Apple reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiff's FAC, as though fully set forth herein.

148.    The allegations in Paragraph 148 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 148.

149.    The allegations in Paragraph 149 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 149.

150.    The allegations in Paragraph 150 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 150.

151.    The allegations in Paragraph 151 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 151.

152.     The allegations in Paragraph 152 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 152.

153.     The allegations in Paragraph 153 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 153.

154.     The allegations in Paragraph 154 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 154.

155.     The allegations in Paragraph 155 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 155.

156.     The allegations in Paragraph 156 concern conduct and theories dismissed as time-barred pursuant to the Court's May 26, 2022 Order.  Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 156.

## COUNT IV

### Unfair Competition – California Business & Professions Code § 17200 *et seq.*

157.     Apple reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiff's FAC, as though fully set forth herein.

158.     Apple denies the allegations in Paragraph 158.

159.     Apple denies the allegations in Paragraph 159.

160.     Apple denies the allegations in Paragraph 160.

161.     Apple denies the allegations in Paragraph 161.

162.     Apple denies the allegations in Paragraph 162.

## PRAYER FOR RELIEF

163.     The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required.  To the extent a response is required, Apple denies that Plaintiff is entitled to the relief sought in the Complaint or to any relief whatsoever.  Because Plaintiff has not sought public

injunctive relief on behalf of the general public and has not pursued any claims on behalf of a putative class, it is barred from obtaining representative relief on behalf of others pursuant to California law.  *See* Cal. Bus. & Prof. Code § 17535; Cal. Civ. Code § 382.

## **DEMAND FOR JURY TRIAL**

164.    A response is not required to Plaintiff's demand for a jury trial.  To the extent a response is deemed required, Apple denies that Plaintiff is entitled to any relief that it has requested in its FAC.  Apple also requests a jury trial for all issues triable by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DEFENDANT APPLE INC.'S ANSWER AND DEFENSES TO SAURIKIT, LLC.'S FIRST AMENDED COMPLAINT
CASE NO. 4:20-CV-08733-YGR

Gibson, Dunn &
Crutcher LLP

1

**APPLE'S DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), Apple, without waiver, limitation, or prejudice, and without conceding that it bears the burden of proof or production, hereby asserts the following defenses:

**First Defense**

**(Failure to State a Cause of Action)**

The Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

**Second Defense**

**(Legitimate Business Justifications)**

Apple alleges that, without admitting any liability whatsoever, at all times its conduct was reasonable and that its actions were undertaken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition.

**Third Defense**

**(No Injury or Threatened Injury)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has neither sustained nor is threatened by any injury in fact or antitrust injury proximately caused by an act or omission by Apple.

**Fourth Defense**

**(No Entitlement to Equitable or Declaratory Relief)**

Plaintiff is not entitled to any equitable or declaratory relief, including to no injunctive relief, because any alleged injury to Plaintiff is not immediate or irreparable, is entirely self-inflicted, and Plaintiff has an adequate remedy at law.

**Fifth Defense**

**(Causation)**

Plaintiff's claims are barred, in whole or in part, because of a lack of causation, including without limitation because any injuries that may have been suffered were caused solely or

proximately by the intervening and superseding acts and omissions of others over whom Apple has no power, authority, or control, including Plaintiff itself.

### Sixth Defense

### (Ratification/Agreement/Acquiescence/Consent)

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's ratification, agreement, acquiescence, authorization, or consent to Apple's alleged conduct.

### Seventh Defense

### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the statute of limitations applicable to its respective claims.

### Eighth Defense

### (Laches)

Plaintiff's claims and/or request for equitable relief are barred, in whole or in part, by the doctrine of laches.

### Ninth Defense

### (Genuine Product Improvement)

Plaintiff's claims are barred, in whole or in part, because Apple's alleged conduct constitutes genuine product improvement.

### Tenth Defense

### (Due Process)

Plaintiff's California state law claims are barred, in whole or in part, by the Due Process Clause of the United States Constitution, insofar as Plaintiff makes claims based on alleged conduct occurring outside the state of California.

1

**Eleventh Defense**

2

**(Protected Rights – Noerr-Pennington)**

3          Plaintiff's claims are barred, in whole or in part, insofar as they challenge the exercise of

4   rights protected by the First Amendment of the United States Constitution, by Article I, Section 3 of

5   the California Constitution, and by the *Noerr-Pennington* doctrine.

6

**Twelfth Defense**

7

**(Protected Rights – Intellectual Property & Other Statutes)**

8          Plaintiff's claims are barred, in whole or in part, insofar as Plaintiff makes claims or seeks

9   remedies that conflict with Apple's rights under intellectual property law or other statutes.

10

**Thirteenth Defense**

11

**(Lack of Standing)**

12          Plaintiff's claims are barred, in whole or in part, insofar as Plaintiff lacks standing to assert

13   any or all of the claims alleged in the Complaint, including any and all claims belonging to parties not

14   named as plaintiffs in the Complaint.

15

**Fourteenth Defense**

16

**(Waiver)**

17          Plaintiff's claims and/or request for equitable relief are barred, in whole or in part, by the

18   doctrine of waiver.

19

**Fifteenth Defense**

20

**(Estoppel)**

21          Plaintiff's claims and/or request for equitable relief are barred, in whole or in part, by the

22   doctrine of estoppel.

23

**Sixteenth Defense**

24

**(Unclean Hands)**

25          Plaintiff's claims and/or request for equitable relief are barred, in whole or in part, by the

26   doctrine of unclean hands.

27

28

DEFENDANT APPLE INC.'S ANSWER AND DEFENSES TO SAURIKIT, LLC.'S FIRST AMENDED COMPLAINT
CASE NO. 4:20-CV-08733-YGR

1

**Seventeenth Defense**

2

**(Illegality)**

3     Plaintiff's claims and/or request for equitable relief are barred, in whole or in part, by the

4     doctrine of illegality.

5

**Eighteenth Defense**

6

**(Non-Justiciability)**

7     Plaintiff's claims are barred, in whole or in part, because they are non-justiciable.

8

**Nineteenth Defense**

9

**(Not Unlawful, Unfair, or Fraudulent)**

10     Plaintiff's claims under California's Unfair Competition Law are barred, in whole or in part,

11     because the alleged business practices are not unlawful, unfair, fraudulent, or likely to mislead

12     consumers, within the meaning of Cal. Bus. & Prof. Code § 17200, or otherwise.

13

**Twentieth Defense**

14

**(Subject to Regulation)**

15     Plaintiff's claims are barred and/or do not entitle Plaintiff to relief to the extent that they

16     challenge conduct that is subject to or required by applicable regulation.

17

**Twenty-First Defense**

18

**(No Entitlement to Interest, Attorney's Fees or Costs)**

19     Plaintiff is not entitled to interest, attorney's fees, or costs in connection with this action.

20

**Twenty-Second Defense**

21

**(Failure to Join an Indispensable Party)**

22     Plaintiff has failed to join all parties necessary for a just adjudication of their purported

23     claims.

24

**Additional Defenses**

25     Apple presently has insufficient knowledge or information to determine whether it may have

26     additional, as yet unstated defenses.  Apple has not knowingly and intentionally waived any

27     applicable defenses and reserves the right to assert additional defenses as they become known to it

28     through discovery in this matter.  Apple reserves the right to amend this Answer to add, delete, or

modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiff's FAC, through discovery, or through further legal analysis of Plaintiff's position in this litigation.

Dated: June 16, 2022

GIBSON, DUNN & CRUTCHER LLP

By: _____*/s/ Jay P. Srinivasan*_____
Jay P. Srinivasan

*Attorneys for Defendant Apple Inc.*

Gibson, Dunn &
Crutcher LLP