1
2
3
4

GIBSON, DUNN & CRUTCHER LLP
JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

5
6
7
8

BETTY X. YANG (Texas Bar No. 24088690;
*pro hac vice*)
byang@gibsondunn.com
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-6912
Telephone: 214.698.3100
Facsimile: 214.571.2900

9
10
11

HENRY H. CORNILLIE, SBN 324821
hcornillie@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

12

13

Attorneys for Defendant, APPLE INC.

14

## UNITED STATES DISTRICT COURT

15

## NORTHERN DISTRICT OF CALIFORNIA

16

## OAKLAND DIVISION

17

18
19
20
21
22
23
24
25
26
27
28

SAURIKIT, LLC,

                    Plaintiff,

        v.

APPLE INC.,

                    Defendant.

CASE NO. 4:20-cv-08733-YGR

**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF SAURIKIT, LLC'S MOTION FOR CLARIFICATION AND/OR FOR LEAVE TO SEEK RECONSIDERATION**

Date: July 19, 2022
Time: 2:00 p.m.
Place: Courtroom 1, 4th Floor

The Honorable Yvonne Gonzalez Rogers

1

## TABLE OF CONTENTS

2

Page

3

STATEMENT OF ISSUES TO BE DECIDED ................................................................. 1

4

INTRODUCTION ............................................................................................................. 1

5

FACTUAL BACKGROUND ............................................................................................ 3

6

ARGUMENT ..................................................................................................................... 4

7

I.      The Court Should Deny Plaintiff's Motion for Clarification. ...................... 4

8

        A.      The Motion for Clarification Seeks an Advisory Opinion. .............. 4

9

        B.      The Court Should Reject Plaintiff's Request for Carte Blanche
10               Discovery Relating to Conduct Not at Issue in This Case. .............. 5

11

II.     The Court Should Deny Plaintiff's Motion for Leave to Seek Reconsideration. ......... 6

12      A.      Plaintiff's Disagreements with the Court Do Not Satisfy Local Rule 7-
                9. ...................................................................................................... 7

13
        B.      The Court Considered and Properly Rejected Plaintiff's Argument
14               about Enforcement of Apple's Agreements. .................................... 8

15      C.      The Court Considered and Properly Rejected Plaintiff's Argument
                about "Millions" of Overt Acts. .................................................... 10

16      D.      The Court Considered and Properly Rejected Plaintiff's Steering
                Argument. ...................................................................................... 11
17
        E.      The Court Did Not Manifestly Fail to Consider Plaintiff's Erroneous
18               Reading of *Samsung* ...................................................................... 13

19      III.    The Court Should Deny Plaintiff's Request for an Interlocutory Appeal. .................. 14

20      A.      Interlocutory Appeal Is Not Appropriate for the Court's MTD Order. .......... 15

21      B.      Interlocutory Appeal Is Not Appropriate for Issues of Discovery. ................. 16

22

CONCLUSION ............................................................................................................... 18

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Burke v. Cnty. of Alameda*,
  No. C 06-04533 SBA, 2008 WL 786862 (N.D. Cal. Mar. 20, 2008) ...............................................7

*In re Cement Antitrust Litig. (MDL No. 296)*,
  673 F.2d 1020 (9th Cir. 1981)................................................................................3, 14, 15, 16

*Coleman v. Quaker Oats Co.*,
  232 F.3d 1271 (9th Cir. 2000)....................................................................................................5

*Coles v. City of Oakland*,
  No. C03-2961 TEH, 2005 WL 8177791 (N.D. Cal. Aug. 3, 2005) ...............................................17

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010)...............................................................................................15, 16

*David Orgell, Inc. v. Geary's Stores, Inc.*,
  640 F.2d 936 (9th Cir. 1981)....................................................................................................13

*Hanover Shoe, Inc. v. United Shoe Machinery Corp.*,
  392 U.S. 481 (1968) ...............................................................................................................9, 10

*Hennegan v. Pacifico Creative Serv. Inc.*,
  787 F.2d 1299 (9th Cir. 1986)..................................................................................................11

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*,
  22 F.4th 1125 (9th Cir. 2022)..........................................................................................14, 15, 16

*Indep. Towers of Wash. v. Washington*,
  350 F.3d 925 (9th Cir. 2003)....................................................................................................10

*Krause v. Yavapai Cnty.*,
  No. CV1908054PCTMTLESW, 2020 WL 2512761 (D. Ariz. May 15, 2020) .............................15

*Litton Sys., Inc. v. Honeywell, Inc.*,
  No. CV 90-4823 MRP(EX), 1996 WL 634213 (C.D. Cal. July 24, 1996) ......................................6

*McDonnell v. Riley*,
  No. 15-CV-01832-BLF, 2016 WL 613430 (N.D. Cal. Feb. 16, 2016) ..........................................15

*Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*,
  No. CV0502200MMMMCX, 2008 WL 11334500 (C.D. Cal. Jan. 22, 2008) ..............................16

*Mohawk Indus., Inc. v. Carpenter*,
  558 U.S. 100 (2009) ......................................................................................................16, 17, 18

ii

**TABLE OF AUTHORITIES**
(cont'd)

Page(s)

*In re Multidistrict Vehicle Air Pollution*,
  591 F.2d 68 (9th Cir. 1979)............................................................................................13

*Nidec Corp. v. Victor Co. of Japan, Ltd.*,
  No. C 05-0686 SBA, 2007 WL 4108092 (N.D. Cal. Nov. 16, 2007)..........................7, 8

*In re Online DVD Rental Antitrust Litigation*,
  No. M 09-2029 PJH, 2010 WL 5396064 (N.D. Cal. Dec. 23, 2010), *aff'd*, 779 F.3d 934 (9th Cir.
  2015) .............................................................................................................................6

*Pace Indus., Inc. v. Three Phoenix Co.*,
  813 F.2d 234 (9th Cir. 1987)...............................................................................9, 10, 12

*Reise v. Board of Regents*,
  957 F.2d 293 (7th Cir. 1992)........................................................................................17

*Salinas v. City of San Jose*,
  No. 5:09-cv-04410 EJD, 2011 WL 3739555 (N.D. Cal. Aug. 23, 2011) .........................7

*Samsung Elecs. Co. v. Panasonic Corp.*,
  747 F.3d 1199 (9th Cir. 2014)....................................................................................9, 13

*Scherer v. FCA US, LLC*,
  538 F. Supp. 3d 1002 (S.D. Cal. 2021) ...........................................................................5

*Schmidt v. Coldwell Banker Residential Brokerage*,
  No. 5:13-cv-00986 EJD, 2013 WL 12171731 (N.D. Cal. Apr. 17, 2013)..................7, 12

*In re Snap Inc. Sec. Litig.*,
  No. 2:17-cv-03679-SVW-AGR, 2018 WL 3816764 (C.D. Cal. Aug. 8, 2018) .......14, 15

*United States v. Woodbury*,
  263 F.2d 784 (9th Cir. 1959)........................................................................................15

*Vaughn v. Regents of Univ. of California*,
  504 F. Supp. 1349 (E.D. Cal. 1981)..........................................................................14, 17

*Yoakam v. Warner Music Grp. Corp.*,
  No. 2:21-cv-01165-SVW-MAA, 2021 WL 3774225 (N.D. Cal. July 12, 2021).............4

*Zenith Radio Corp.*,
  395 U.S. 100 (1969) ........................................................................................................5

**STATUTES**

Civ. L.R. 7-2 .......................................................................................................................14

iii

# TABLE OF AUTHORITIES
(cont'd)

Page(s)

Civ. L.R. 7-9(c) ................................................................................................................7

## OTHER AUTHORITIES

3 Federal Procedure, Lawyers Edition § 3:212 (2010) ..................................................15, 16

Wright & Miller, Federal Practice and Procedure § 3914.23 ............................................17

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Plaintiff is entitled to an order from the Court about the appropriateness of discovery Plaintiff has yet to propound about alleged conduct that the Court ruled is not actionable.

2.      Whether the Court's rejection of certain arguments that the parties fully briefed and argued constitutes a "manifest failure by the Court to consider material facts or dispositive legal arguments."

3.      Whether interlocutory appeal is proper for either the Court's order dismissing Plaintiff's claims for failing to plead timely claims or any future order denying the present discovery motion, where there is no novel controlling question of law and a ruling in Plaintiff's favor will only expand the scope of the case.

**INTRODUCTION**

Plaintiff's Motion for Clarification and/or for Leave to Seek Reconsideration ("Motion") is no less than a third bite at the statute of limitations apple. It seeks three alternative forms of relief—clarification, reconsideration, and/or certification for interlocutory appeal under 28 U.S.C. § 1292(b)—all with the goal of evading the Court's ruling dismissing certain of Plaintiff's claims as time-barred. The Court should deny the Motion because it is meritless both procedurally and substantively, whether construed as one for "clarification," for leave to seek reconsideration, or as a petition for interlocutory review.

First, the clarification aspect of Plaintiff's Motion is improper because there is no ripe discovery dispute for the Court to adjudicate and, were one to arise, Plaintiff should bring it before Judge Hixson. One week after the Court issued its Order Granting in Part and Denying in Part Motion to Dismiss First Amended Complaint ("MTD Order"), Plaintiff attempted to manufacture a discovery dispute by demanding that Apple preemptively agree or disagree on the permissible scope of hypothetical future discovery. But Apple must evaluate the relevance and burden of discovery requests on a case-by-case basis; there can be no dispute over discovery where no requests have been served. Plaintiff declined to meet and confer with Apple regarding this contrived dispute, instead filing its Motion with this Court—and ignoring Magistrate Judge Hixson's Discovery Standing Order, which would have significantly reduced the burden on the parties and the Court. The Motion

now asks this Court to render an improper advisory opinion based on speculation about "potential future discovery disputes."

The merits of Plaintiff's request for "clarification" fare no better. Fundamentally, Plaintiff seeks a ruling that the scope of discovery and recoverable damages remain unchanged, notwithstanding the Court's dismissal of many of Plaintiff's allegations. The Court should decline this invitation. Plaintiff's demand for an *ex ante* declaration that the Court's dismissal of the majority of Plaintiff's theories has no impact whatsoever on discovery is a transparent attempt to circumvent the force of the ruling.

Plaintiff's request for leave to seek reconsideration is equally meritless. Local Rule 7-9 requires a party seeking reconsideration to demonstrate manifest failure by the Court to consider material facts or dispositive legal arguments. Plaintiff does not come close. The procedural history of this case, which is ignored by the Motion, demonstrates that the Court thoroughly considered and dismissed Plaintiff's arguments. The Court adjudicated two Motions to Dismiss—and Plaintiff's corresponding oppositions—carefully evaluating Plaintiff's allegations in its successive complaints, addressing the parties' arguments raised in approximately a hundred pages of briefing, holding an hour-long hearing, and ultimately allowing certain of Plaintiff's claims to go forward after initially dismissing them all. On this record, Plaintiff cannot show that the Court failed to consider material facts or dispositive legal arguments. For example, the assertion that the Court did not consider Plaintiff's argument that "Apple routinely enforced its anticompetitive agreements . . . throughout the limitations period" is demonstrably false. *See*, *e.g.*, MTD Order at 5 ("Plaintiff has not alleged that Apple's conduct with respect to the warranty contracts, Developer Agreements, and other ***contractual enforcement*** has, nor how they have changed, within the last four years.") (emphasis added). Plaintiff's contention that there exists "***binding case law*** stating that [Apple's contractual agreements] constitute new overt acts" also fails. Putting aside the flaws in Plaintiff's legal analysis, this statement reveals Plaintiff's argument for what it really is: an accusation that the Court committed legal error. Mtn. at 6 (emphasis added). The Court did not err. But even if it had, disagreements with the Court—or mere legal errors—do not suffice for leave to seek reconsideration under Local Rule 7-9.

APPLE'S OPPOSITION TO SAURIKIT'S MOTION FOR CLARIFICATION AND/OR LEAVE TO SEEK
RECONSIDERATION / CASE NO. 4:20-CV-08733-YGR

Finally, the Court should reject Plaintiff's improper attempt to seek certification for an interlocutory appeal under 28 U.S.C. § 1292(b) of: (1) the Court's MTD Order dismissing certain of Plaintiff's claims as time-barred; and (2) the Court's denial of Plaintiff's current request for it to adjudicate an unripe discovery dispute that might arise in the future.  First, Plaintiff's Notice does not mention the request for relief under § 1292(b), an omission that Plaintiff repeats in its "Statement of Issues to Be Decided" section.  That should end the inquiry.  But Plaintiff fares no better on the merits should the Court be inclined to address them.  Section 1292(b) relief should be granted "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation."  *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981).  No such exceptional situation is present here.  Plaintiff's Motion does not present any "novel legal issues"; rather, Plaintiff seeks to relitigate a straightforward application of the statute of limitations and raise an unripe discovery dispute.  Plaintiff's Motion should be denied.

## FACTUAL BACKGROUND

On May 26, 2022, after considering hundreds of pages of pleadings and briefs and hearing an hour-long oral argument, this Court entered its MTD Order.  The Court dismissed Plaintiff's claims based on Apple's contractual agreements as barred by the statute of limitations, holding that Plaintiff failed to plead "factual allegations . . . necessary to render [such contracts] a 'new and independent act'" falling within the continuing violation exception to the statute of limitations.  Dkt. 80 at 5.  The Court allowed Plaintiff to proceed on its claims based on the "2018 and 2019 technological restrictions" pleaded in the First Amended Complaint.  *Id.* at 4.

On Saturday, June 4, 2022, one week after the Court issued its MTD Order, Plaintiff's counsel emailed Apple's counsel, asking about the "implications for discovery and eventual trial presentation from the Court's recent motion to dismiss order" and noting Plaintiff's belief that "evidence of Apple's contract and enforcement practices is still relevant to the case."  Declaration of Jay P. Srinivasan in Support of Defendant Apple Inc.'s Opposition to Plaintiff SaurikIT, LLC's Motion for Clarification and/or for Leave to Seek Reconsideration ("Srinivasan Decl.") Ex. A.  On Monday, June 6, Apple's counsel responded by explaining that "[w]hether any particular discovery request

seeks relevant information depends on the specific request, and its propriety will also depend on associated burdens," further noting Apple's willingness to meet and confer. *Id.*

In response to Apple's offer to meet and confer, Plaintiff's counsel wrote on June 7 that "it seems . . . Apple interprets the order differently than us," and therefore concluding its Motion was "appropriate." Srinivasan Decl. Ex. A. Apple's counsel responded later that same day, registering its disagreement. *Id.*

The following day, on June 8, Plaintiff's counsel conceded that there was no ripe dispute, admitting, "We do not view this as a discovery dispute, but rather ***a way to fend off future discovery disputes***." Srinivasan Decl. Ex. A (emphasis added). Before Apple could respond, and without meeting and conferring with Apple, Plaintiff filed this Motion the following day.

## ARGUMENT

### I.    The Court Should Deny Plaintiff's Motion for Clarification.

#### A.    The Motion for Clarification Seeks an Advisory Opinion.

Plaintiff's Motion should be denied first and foremost because it is unripe. Plaintiff is asking the Court for an advisory opinion speculating about a hypothetical discovery dispute—specifically, requesting that the Court decide in a vacuum that Apple's contracts "may be relevant to, inter alia, Apple's anticompetitive scheme and its intent to monopolize." Mtn. at 5. This theoretical question, divorced from any live dispute, is precisely the type of issue that courts consistently have rejected as inappropriate for judicial resolution. *See, e.g.*, *Yoakam v. Warner Music Grp. Corp.*, No. 2:21-cv-01165-SVW-MAA, 2021 WL 3774225, at *9–10 (N.D. Cal. July 12, 2021) (declining to decide unripe dispute). Consideration of Plaintiff's Motion for clarification is especially inappropriate because Plaintiff has not even served discovery requests, much less given Apple the opportunity to respond to such requests. As Apple made clear to Plaintiff, Apple has not yet refused any discovery as presumptively out of bounds. It said only that it would evaluate discovery on a case-by-case basis and declined Plaintiff's invitation to take any sweeping position in the abstract. The Court should likewise deny Plaintiff's improper and premature request.

Further, even if there were a ripe dispute over a discovery issue, Plaintiff's recourse would be to file a motion with Judge Hixson, to whom the Court has referred discovery disputes. *See* Dkt. 54

¶¶ 1, 9; *Cameron v. Apple Inc.*, No. 4:19-CV-03074-YGR, Dkts. 62, 80.  That the "future dispute" would involve the interpretation of this Court's MTD Order does not change this analysis.  Judge Hixson has routinely decided the scope of permissible discovery based on an interpretation of this Court's orders and evaluated discovery requests in light of what is relevant balanced against the burdens on the producing party.  The "future dispute" here—if it ever ripens—would be no different in character than other discovery disputes Judge Hixson has decided in the past.

**B.     The Court Should Reject Plaintiff's Request for Carte Blanche Discovery Relating to Conduct Not at Issue in This Case.**

Should the Court entertain the merits of Plaintiff's argument—that "pre-limitations acts remain relevant to proving the anticompetitive scheme," "the but-for world," and "intent to monopolize," Mtn. at 4—Plaintiff's Motion still fails.  For starters, it is not possible to evaluate Plaintiff's position without reviewing specific discovery requests.  Whether such requests might be relevant to the totality of an alleged anticompetitive scheme, a determination of the "but for" world, or anticompetitive intent will depend on the request and its proportionality to the needs of the case.  Insofar as Plaintiff's position seems to be that the Court's MTD Order dismissing significant aspects of Plaintiff's claims has no bearing on discovery, it is wrong.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery. . . ."); *Scherer v. FCA US, LLC*, 538 F. Supp. 3d 1002, 1005 (S.D. Cal. 2021) (quoting *Trabulsi v. Wells Fargo Bank, Nat'l Ass'n*, Case No. 8:17-cv-2088-JLS-SK, 2018 WL 6444892, at *1 (C.D. Cal. Aug. 21, 2018) ("[T]he allegations in a complaint generally dictate what evidence is discoverable.").

Moreover, Plaintiff misplaces reliance on *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 118–19 (1969) and other cases considering pre-limitations conduct that caused damages to plaintiff within the limitations period to argue that "pre-limitations acts remain relevant to proving the anticompetitive scheme."  Mtn. at 4.  Unlike any of the cases cited by Plaintiff, this Court has already held that the dismissed allegations regarding Apple's contracts are ***not*** a part of the alleged anticompetitive scheme with respect to ***this Plaintiff***.  *See* MTD Order at 5 (rejecting plaintiff's argument that "every time Apple [sells] a product to some third party," the statute of limitations restarts for this Plaintiff); *see* Hr'g Tr. (Jan. 5, 2022) ("Tr.") 9:7–9 (questioning Plaintiff's counsel:

"[W]hat is the specific overt act relative to your client, not a consumer, not to a developer, but to your client?").  As this Court already held, Plaintiff cannot borrow the claims brought by (and the damages allegedly incurred by) other plaintiffs, and the alleged anticompetitive conduct to *this Plaintiff* is limited to the alleged design changes that survived the Court's MTD Order.  MTD Order at 3.

Plaintiff similarly misconstrues the law in arguing that the non-actionable conduct here is relevant to the "but-for world."  Mtn. at 4.  The antitrust construct of a "but for" world compares the hypothetical competitive outcomes in a world where the alleged anticompetitive conduct did not occur with the actual world in order to determine whether a particular plaintiff suffered any injury as a result of the conduct.  *See In re Online DVD Rental Antitrust Litigation*, No. M 09-2029 PJH, 2010 WL 5396064, at *6 (N.D. Cal. Dec. 23, 2010), *aff'd*, 779 F.3d 934 (9th Cir. 2015).  Any "but for" world analysis is hence properly limited to conduct that is *actionable* by that plaintiff.  A more expansive study of both actionable and non-actionable conduct would defeat the purpose the "but for" world analysis because it could not isolate and measure the effect of actionable conduct.  *See Litton Sys., Inc. v. Honeywell, Inc.*, No. CV 90-4823 MRP(EX), 1996 WL 634213, at *3 (C.D. Cal. July 24, 1996) (remanding for new trial where a "jury was given a single estimate of damages based on a model that assumed that [defendant] would not have engaged in *any* of the challenged conduct in the 'but for' world despite the fact that the Court had excluded substantial elements of conduct on which the single damage estimate was based from the jury's consideration") (emphasis in original).

Here, it is possible that Plaintiff's future discovery requests might appropriately target some relevant aspect of Apple's conduct before the limitations period.  It is also possible that Plaintiff's future discovery requests will improperly focus on claims that were dismissed, amounting to a burdensome sideshow.  The Court need not consider these possibilities before discovery has been propounded, Apple responds, and the parties meet and confer.  And if necessary, a ripe dispute may then be presented to Judge Hixson.

## II.   The Court Should Deny Plaintiff's Motion for Leave to Seek Reconsideration.

Plaintiff's Motion still fails when styled as a request for reconsideration. In dismissing Plaintiff's theories about Apple's contracts with app developers and consumers as untimely, the Court found that Plaintiff's allegations did not meet the governing Ninth Circuit standard for the

1    continuing violation exception—after giving Plaintiff two attempts to plead it.  Plaintiff asserts

2    vaguely that the Court engaged in various "legal errors" in its application of the law, but fails to even

3    mention the governing Ninth Circuit standard.  The Court did not err, and Plaintiff's Motion does not

4    satisfy Local Rule 7-9's standard for reconsideration.[1]

5    **A.       Plaintiff's Disagreements with the Court Do Not Satisfy Local Rule 7-9.**

6           Plaintiff's arguments for leave to seek reconsideration are mere disputes with the Court's

7    reasoning and decision.  For leave to seek reconsideration of an interlocutory order, however, a

8    plaintiff must show "[a] manifest failure by the Court to consider material facts or dispositive legal

9    arguments which were presented to the Court before such interlocutory order."  Civ. L.R. 7-9(c).

10   Indeed, even clear error by the Court does not suffice for leave to seek reconsideration.  *See Nidec*

11   *Corp. v. Victor Co. of Japan, Ltd.*, No. C 05-0686 SBA, 2007 WL 4108092, at *3 (N.D. Cal. Nov.

12   16, 2007) (holding that "a court can consider the material facts or dispositive legal arguments

13   advanced by the parties but still commit 'clear error' in reaching its conclusions after considering

14   those facts and arguments"); *Schmidt v. Coldwell Banker Residential Brokerage*, No. 5:13-cv-00986

15   EJD, 2013 WL 12171731, at *2 (N.D. Cal. Apr. 17, 2013) ("Disagreement or error . . . are not proper

16   bases for reconsideration."); *Burke v. Cnty. of Alameda*, No. C 06-04533 SBA, 2008 WL 786862, at

17   *2 (N.D. Cal. Mar. 20, 2008) (similar).

18          Instead, the predicate for seeking reconsideration of an interlocutory order under Local Rule

19   7-9 is the Court's ***manifest failure of consideration***.  *Nidec*, 2007 WL 4108092, at *3; *Salinas v. City*

20   *of San Jose*, No. 5:09-cv-04410 EJD, 2011 WL 3739555, at *3 (N.D. Cal. Aug. 23, 2011) (denying

21   leave for reconsideration because "the court considered all of the evidence and arguments presented

22   by both sides").  This onerous burden is intended to "lessen[] the likelihood that parties will, as

23   [Plaintiff] has done here, opportunistically move the Court to reconsider any order that it disagrees

24   with, needlessly impeding the progress of the case and unduly burdening [Apple] and the Court."

25   *Nidec*, 2007 WL 4108092, at *4.

26

27   _____

28   [1]  Should the Court grant leave and allow Plaintiff to move for reconsideration, Apple reserves the
     right to respond to the merits of Plaintiff's motion.

1    Plaintiff's Motion centers on Plaintiff's disagreements with the Court's decision, which are

2    not a proper basis for reconsideration.  *See id.*; *Schmidt*, 2013 WL 12171731, at *2; *Burke*, 2008 WL

3    78682, at *2.  Indeed, Plaintiff makes virtually no effort to explain how the Court failed to consider

4    any material facts or dispositive legal arguments that Plaintiff presented.  As the MTD Order itself

5    shows, the Court demonstrably considered, and rejected, each of the arguments Plaintiff identifies in

6    its Motion.  *See* MTD Order at 5 (rejecting Plaintiff's argument about "contractual enforcement"), 3,

7    5 (rejecting Plaintiff's argument about every warranty or developer agreement being a new and

8    independent overt act), 5–6 (rejecting Plaintiff's argument about the sufficiency of Plaintiff's

9    allegations as to steering), 5 (rejecting Plaintiff's argument about the application of *Samsung* to

10   Plaintiff's allegations).  Plaintiff's opportunistic attempt to rehash, ***for a third time***, arguments it

11   made and lost over two prior rounds of briefing is precisely the sort of unfair and inefficient litigation

12   tactic that Local Rule 7-9 prohibits.  *Nidec*, 2007 WL 4108092, at *4.

13          **B.      The Court Considered and Properly Rejected Plaintiff's Argument about
                      Enforcement of Apple's Agreements.**

14          Plaintiff's failure to comply with Local Rule 7-9 suffices for the Court to deny leave to seek

15   reconsideration, and the Court need go no further.  In any case, each of Plaintiff's arguments is

16   meritless on its own terms.

17          Plaintiff argues that reconsideration is warranted because the Court failed to consider its

18   argument that Apple routinely enforced anticompetitive agreements during the limitations period.

19   Mtn. at 5–6 ("the Court did not address these allegations in its Order").  Plaintiff is wrong.  The

20   Court's MTD Order expressly held that "Plaintiff has not alleged that Apple's conduct with respect to

21   . . . contractual enforcement has changed . . . within the last four years."  MTD Order at 5.  Moreover,

22   the Court considered this issue at the hearing on Apple's motion to dismiss the original Complaint.

23   Plaintiff argued expressly "that active enforcement of an illegal contract may under certain

24   circumstances cause a renewal and trigger the continuing violation doctrine."  Tr. at 7:8–11; *see also*

25   12:20–25.  The Court responded "that there needs to be some overt act relative to [Plaintiff], and

26   there doesn't seem to be."  *Id*. at 7:16–18; *see also id.* 9:7–9.

27

28

1    Upon considering Plaintiff's allegations about enforcement of Apple's agreements, the Court

2  correctly dismissed the related claims as time-barred.  As the Court explained in its MTD Order, to

3  qualify as an "overt act"—and thus revive the statute of limitation under the continuing violation

4  exception—an "act must be both: (1) a ***new and independent act that is not merely a reaffirmation***

5  of a previous act; and (2) the act must inflict new and accumulating injury to the plaintiff."  MTD

6  Order at 3 (citing *Samsung Elecs. Co. v. Panasonic Corp.*, 747 F.3d 1199, 1202 (9th Cir. 2014))

7  (emphasis added).  Applying this standard, the Court correctly concluded that the FAC does not

8  allege how Apple's regular enforcement of its contracts with third parties changed within the

9  limitations period.  MTD Order at 5; *see also* Dkt. 74 at 11–16.  On the contrary, Plaintiff's

10  allegations only confirmed that Apple never wavered from the seminal design decisions that Plaintiff

11  concedes occurred in 2008/2009.  MTD Order at 5.  Because the conduct Plaintiff challenged was a

12  mere reaffirmation of prior decisions and not "new and independent," the Court correctly held that

13  such conduct did not suffice to revive the statute of limitations.

14    The Court's rejection of Plaintiff's allegations about enforcement was correct for the

15  independent reason that Plaintiff failed to allege how that conduct invaded ***Plaintiff's*** interests.  *Pace*

16  *Indus., Inc. v. Three Phoenix Co.*, 813 F.2d 234, 237 (9th Cir. 1987) ("A continuing violation is one

17  in which the ***plaintiff's interests*** are repeatedly invaded.") (emphasis added).  "[T]he Court dismissed

18  [Plaintiff's] original complaint" in part because Plaintiff "did not allege any new, overt acts ***relevant***

19  ***to [Plaintiff]*** that could restart the statute of limitations period."  MTD Order at 3 (emphasis added).

20  In opposing Apple's renewed motion to dismiss, Plaintiff argued "these acts are relevant to plaintiff

21  because they 'steer' plaintiff's potential customers away from Cydia."  *Id*.  The Court disagreed,

22  holding that Plaintiff failed to plead "facts to support the plausible conclusion that Apple steers

23  plaintiff's customers away."  *Id*. at 6.

24    Plaintiff's allegations about Apple routinely enforcing its agreements with third parties are

25  irrelevant under the governing Ninth Circuit standard, and the Court appropriately considered and

26  rejected them during the two prior rounds of briefing.

27

28

### C.     The Court Considered and Properly Rejected Plaintiff's Argument about "Millions" of Overt Acts.

Next, invoking *Hanover Shoe*, Plaintiff argues that the Court's decision about the timeliness of Plaintiff's contract theories was "contrary to binding precedent" because it is "acts" that matter for purposes of the continuing violation exception, not "types of acts." Mtn. at 2 (citing *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 502 n.15 (1968)). As an initial matter, the distinction Plaintiff tries to draw between "acts" and "types of acts" is illusory. What matters under binding Ninth Circuit law is whether conduct qualifies as an "overt act" that would restart the limitations period. *Pace Indus.*, 813 F.2d at 237. In keeping with Ninth Circuit precedent, the Court—after considering Plaintiff's arguments—correctly held that a plaintiff must allege "a new and independent act that is not merely a reaffirmation." MTD Order at 3, 5–6. The Court further held that Plaintiff failed to allege how Apple's contracts with app developers and consumers were "new and independent" and how the contracts inflicted new injury to Plaintiff. *Id.* at 5–6. The Court did not hold that "a plaintiff must allege a change in the type of anticompetitive behavior." Mtn. at 8. So here again, the Court has already addressed Plaintiff's arguments and committed no error in rejecting it, instead holding Plaintiff to the governing Ninth Circuit standard for the continuing violation exception. The Court also rightly pointed out that Plaintiff's argument about "millions" of overt acts would entail absurd results: "that every time Apple [sells] a product to some third party or operate[s] its business on a daily basis" that "restarts the statute of limitations." MTD Order at 5.

Plaintiff now relies on *Hanover Shoe*—a 1968 case that mentions timeliness issues only in a footnote—to manufacture an issue for reconsideration. But *Hanover Shoe* was cited only once by Plaintiff in the two prior rounds of briefing, as a "see, e.g." cite in a footnote, standing merely for the proposition that the continuing violation exception can apply to Section 1 claims. If Plaintiff thought *Hanover Shoe* was "[t]he controlling case," it could have made that argument in the course of the earlier briefing. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("judges are not like pigs, hunting for truffles"). In any event, *Hanover Shoe* is entirely consistent with the Court's MTD Order. In that case, the Court first upheld a continuing violation exception to the statute of limitations where the plaintiff had continued to pay overcharges to the defendant under a lease-only policy begun before the limitations period. 392 U.S. at 502 n.15. But *Hanover Shoe* is

10

1   of no consequence here.  Apple does not dispute that a plaintiff *can* plead a continuing violation

2   exception to the statute of limitations; Apple disputes only that Plaintiff has done so here.

3       **D.     The Court Considered and Properly Rejected Plaintiff's Steering Argument.**

4       Plaintiff next argues that the Court manifestly disregarded its arguments because the Court

5   found that "plaintiff pleads no facts to support the plausible conclusion that Apple steers plaintiff's

6   customers away from it."  Mtn. at 9 (citing MTD Order at 6).  But Plaintiff's complaint here is, at

7   bottom, that the Court disagreed with Plaintiff's argument, rather than manifestly failed to consider it.

8       The starting point again is the two-prong standard to establish a continuing violation.  As the

9   Court found, Plaintiff did not plead plausible factual allegations that showed any injury to Plaintiff

10  flowing from Apple's alleged conduct directed at third-party developers and third-party consumers

11  within the limitations period.  *See, e.g.*, MTD Order at 6 ("The FAC does not allege if, and how,

12  customers have in fact been steered away from Cydia.").  As Apple argued in its Reply in support of

13  its Motion to Dismiss the FAC, if anything, Apple's exclusion of apps that do not meet its Guidelines

14  would only drive these apps' developers toward Plaintiff—not steer them away from it.  *See* Dkt. 78

15  at 8–10.  Plaintiff's allegations do not explain how Apple's conduct toward consumers would have

16  any bearing on consumers' willingness to do business with Plaintiff, which requires the consumer to

17  first jailbreak their device and leave them vulnerable to malware or worse.  As the Court put it at the

18  motion to dismiss hearing, "How do I know anything about why any customer would want to use

19  your client in any event?"  Tr. at 9:7–9.  Despite repeated opportunities to do so, Plaintiff could not

20  describe a coherent theory of how Apple's alleged conduct toward third parties had any effect on

21  Plaintiff's business, let alone how Apple's conduct allegedly harmed Plaintiff.  As Apple argued in its

22  Reply, and as the Court concurred, Plaintiff's allegations are far from the facts in *Hennegan v.*

23  *Pacifico Creative Services Inc.*, 787 F.2d 1299 (9th Cir. 1986), where defendants expressly steered

24  away customers from plaintiff's business.  MTD Order at 5–6; Dkt. 78 at 9.

25      Plaintiff's characterization of its claim as a tying claim or an exclusive dealing claim—and

26  suggestion that it is therefore exempt from the requirements of the continuing violation doctrine—

27  also misses the mark.  Mtn. at 9–11.  First, Plaintiff repeatedly misrepresents that Apple conceded

28  that Plaintiff had alleged a valid tying or exclusive dealing claim, and that Apple further conceded

those claims constitute new overt acts within the limitations period.  *Id.* at 8.  Apple has not and does not concede either point.  Apple's Motion to Dismiss was directed at the insufficiency of all of Plaintiff's claims, including those based on Plaintiff's tying and exclusive dealing theories.  That Apple based its motion on the untimeliness of Plaintiff's claims in no way leads to the inference that Apple believes these claims to be otherwise sufficient.  To the contrary, Apple made clear in its Motion to Dismiss the FAC that it believed Plaintiff's claims were deficient in multiple respects but that it would be limiting the basis for its renewed Motion to Dismiss to the statute of limitation issue per the Court's instruction.  *See*, *e.g.*, Dkt. at 4, n.1.  Likewise, Apple did not concede that there was any valid overt act within the limitations period—indeed, this was the entire basis of Apple's Motion to Dismiss and the basis for the Court's partial grant of Apple's Motion to Dismiss.

Moreover, there is absolutely no support for Plaintiff's novel proposition that, because it styled its claims as ones for tying and exclusive dealing, it need not plead facts sufficient to establish that the continuing violation doctrine applies to save its untimely claims.  The Ninth Circuit's test for a continuing violation does not consider how a plaintiff styled its causes of action, but instead looks at whether the alleged conduct that is the basis for those causes of action meets both requirements of the test.  Thus, that Plaintiff here is trying to conceal what is in fact a refusal-to-deal claim as claims for tying and exclusive dealing is irrelevant to the analysis in which the Court engaged.  The terms "tying" and "exclusive dealing" are not talismanic.  Where, as here, a plaintiff alleges that its claims accrued outside of the statute of limitations period, the sole inquiry is whether Plaintiff pled facts that it suffered "new and accumulating injury" during the limitations period from a "new and independent act that is not merely a reaffirmation of a previous act."  *Pace Indus.*, 813 F.2d at 238.  The Court made this inquiry and determined that Plaintiff had not; this is plainly not a manifest failure.[2]

---

[2] Plaintiff's Motion spends considerable space detailing the elements of tying and exclusive dealing claims.  Mtn. at 9–11.  But nowhere in this discussion does Plaintiff bother to address the only elements that mattered in Apple's Motion to Dismiss: those for a continuing violation.  The manifest failure here is by Plaintiff, who continues to avoid the salient issue in Apple's motion.

1

2

### E.    The Court Did Not Manifestly Fail to Consider Plaintiff's Erroneous Reading of *Samsung*.

3

4

5

6

Plaintiff's final argument—that the Court erred in distinguishing *Samsung*—is self-defeating. As Plaintiff's own Motion makes clear, the Court expressly considered *Samsung* in its MTD Order. *See* Mtn. at 11–12 (discussing the Court's treatment of *Samsung*).  Plaintiff's disagreement with the Court's decision about how *Samsung* applies to the allegations in the FAC is, once again, not a basis for leave to seek reconsideration.  *See Schmidt*, 2013 WL 12171731, at *2.

7

8

9

10

11

12

13

14

15

16

17

In any event, the Court correctly ruled that *Samsung* does not support Plaintiff's position. There, the parties had a licensor-licensee relationship, and the group of defendants sought to impose on the plaintiff a new license agreement to govern different products that were not covered by the prior contract.  *Samsung*, 747 F.3d at 1203–04.  Here, there is no allegation that Apple and Plaintiff had any contractual relationship, let alone that Apple imposed some contractual constraint on Plaintiff within the limitations period that was different than what it was doing before.  *Samsung* thus does not fill the gap in Plaintiff's allegations as to how ***Plaintiff itself*** suffered new and accumulating injuries within the limitations period flowing from something Apple was alleged to have done to it.  *See* MTD Order at 5 ("The Court does not read *Samsung* to stand for the broad proposition that imposition of a contract on a ***third-party's*** new product is sufficient to restart the statutory clock on the claims of a ***non-party*** to the contract.") (emphasis added).

18

19

20

21

22

23

24

25

26

27

As Apple explained in its briefing, *Samsung* is also distinguishable for the independent reason that the conduct there, unlike the alleged conduct here, could not be appropriately characterized as mere reaffirmation of time-barred conduct.  *Samsung* involved a horizontal agreement in which a group of memory card developers conspired to impose an anticompetitive licensing scheme on Samsung and others via a 2003 license agreement.  747 F.3d at 1201–02.  When the defendants later developed a new set of memory card technologies, defendants had a separate meeting and adopted a new and different anticompetitive licensing scheme embodied in a new 2006 license.  *Id.*  Here, by contrast, Plaintiff did not allege any new scheme nor identify any new provision in or expansion of Apple's agreements within the limitations period.  Rather, Plaintiff alleges only "unabated inertial consequence[s]" of fixed and permanent design decisions outside the limitations period.  *See In re Multidistrict Vehicle Air Pollution*, 591 F.2d 68, 72 (9th Cir. 1979); *David Orgell, Inc. v. Geary's*

28

13

1  *Stores, Inc.*, 640 F.2d 936, 938 (9th Cir. 1981) (reaffirmation of original decision did not restart

2  limitations period).

3  **III.     The Court Should Deny Plaintiff's Request for an Interlocutory Appeal.**

4          The Court also should deny Plaintiff's last-ditch, alternative request for certification of

5  interlocutory appeal of: (1) the Court's MTD Order dismissing certain of Plaintiff's claims as time-

6  barred; and (2) an anticipated order from the Court refusing to decide a hypothetical discovery

7  dispute. Mtn. at 13–14.

8          As an initial matter, Plaintiff's Motion fails to comply with Local Rule 7-2 because neither

9  the Notice of Motion nor the Statement of Issues to Be Decided includes the requested relief for

10  certification under § 1292. Civ. L.R. 7-2 ("a motion must contain . . . a concise statement of what

11  relief or Court action the movant seeks"). Putting aside these procedural defects, Plaintiff also fails

12  to meet its "heavy burden to show that exceptional circumstances warrant immediate appellate

13  review." *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR, 2018 WL 3816764, at *1 (C.D.

14  Cal. Aug. 8, 2018) (internal quotation omitted); *In re Cement*, 673 F.2d at 1026.

15          Section 1292(b) contains three independent requirements for certification: (1) "that there be a

16  question of law, (2) that there be substantial grounds for difference of opinion as to that question, and

17  (3) that an immediate resolution of that question may materially advance the ultimate termination of

18  the litigation." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th

19  Cir. 2022) (quoting *In re Cement*, 673 F.2d at 1026) (internal punctuation omitted). But the Ninth

20  Circuit has cautioned that only "exceptional circumstances justify a departure from the basic policy

21  of postponing appellate review until after the entry of a final judgment." *Id.* at 1130 (citations

22  omitted). Certification is therefore "only proper under the most unusual circumstances where the

23  immediate appeal might avoid protracted and costly litigation." *Vaughn v. Regents of Univ. of

24  California*, 504 F. Supp. 1349, 1355 (E.D. Cal. 1981) (citations omitted).

25          Because no "exceptional circumstances" are present here and because Plaintiff's appeal would

26  only result in further litigation (not avoid it), the Court should deny Plaintiff's request in its entirety.

27

28

14

A.      **Interlocutory Appeal Is Not Appropriate for the Court's MTD Order.**

Plaintiff's Motion fails to satisfy any of the three requirements for interlocutory appeal of the Court's MTD Order.  As to the first element, "[a] controlling question of law must be one of law—not fact."  *ICTSI Oregon*, 22 F.4th at 1130.  But the dispute here—the application of the statute of limitations to Plaintiff's specific allegations "under the circumstances of this case"—is a question of fact.  *Id.* at 1132.  The Court's routine assessment of the alleged conduct in a complaint to determine what was time-barred does not implicate a controlling question of law and therefore does not warrant interlocutory review.  Were it otherwise, "a party would be able to appeal [every dispositive motion] even though interlocutory appeals should be heard only in exceptional cases."  *McDonnell v. Riley*, No. 15-CV-01832-BLF, 2016 WL 613430, at *5 (N.D. Cal. Feb. 16, 2016); *see Krause v. Yavapai Cnty.*, No. CV1908054PCTMTLESW, 2020 WL 2512761, at *3 (D. Ariz. May 15, 2020) (declining to find that application of the statute of limitations constitutes a "controlling question[] of law" because such a holding would open the door to interlocutory appeal "any time a court decides a pretrial dispositive motion").

Second, there is no substantial grounds for a difference of opinion on any question of law.  "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'"  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)).  No such circumstances are present here, and Plaintiff does not even attempt to establish this factor.  In fact, Plaintiff's own Motion repeatedly argues that "binding Ninth Circuit case law" allegedly supports its position—not that there is conflicting law for the Ninth Circuit to reconcile.  Mtn. at 6.

Finally, "the 'materially advance' prong is satisfied only when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings."  *ICTSI Oregon*, 22 F. 4th at 1131 (quoting *In re Cement*, 673 F.2d at 1027).  But here, resolution of the interlocutory appeal in Plaintiff's favor would only expand the lawsuit that has been narrowed by the Court, reviving claims and issues that this Court dismissed.  *See United States v. Woodbury*, 263

F.2d 784, 787 (9th Cir. 1959) (Section 1292(b) "was intended primarily as a means of expediting litigation by permitting appellate consideration" of legal questions "which, if decided in favor of the appellant, would end the lawsuit"); *see also In re Snap*, 2018 WL 3816764, at *1 ("[C]ourts have consistently rejected interlocutory review where the legal question presented for review is 'relevant to only one of several causes of action alleged.'").

### B.    Interlocutory Appeal Is Not Appropriate for Issues of Discovery.

The other issue for which Plaintiff seeks interlocutory review—whether it is entitled to take discovery and introduce evidence of allegedly anticompetitive acts already dismissed as time-barred—fares no better.  As an initial matter, Plaintiff's Motion seeks interlocutory appeal on an issue regarding the scope of discovery before even serving discovery requests, reaching impasse with Apple, or obtaining an adverse ruling regarding a specific discovery request.  The Court cannot rule on discovery requests that are not before it—much less certify a hypothetical dispute for interlocutory appeal.  *Cf. Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, No. CV 05-02200 MMM (MCx), 2008 WL 11334500, at *6 (C.D. Cal. Jan. 22, 2008) (quoting *El Dorado Irrigation Dist. v. Traylor Bros., Inc.*, Civ 03-949 LKK GGH, 2005 WL 3453913, *2 (E.D. Cal. Dec. 16, 2005)) ("This court cannot certify for appeal an issue that was not decided by this court in the first place . . .").

In addition, Plaintiff's Motion fails to establish the requirements for interlocutory appeal under § 1292(b).  First, the issue of "whether a party may introduce [certain] evidence"—including evidence of whether Apple's alleged "long-running, comprehensive actions were an integrated whole" and whether they "kill[ed] competition and harm[ed]" Plaintiff, Mtn. at 13—is a question of fact.  *ICTSI Oregon*, 22 F.4th at 1132.  Resolution of such issues will necessarily depend on "circumstances of this case" and reliance on "facts from the record."  *Id.*  Second, there exists no "substantial ground for difference of opinion"—Plaintiff's Motion identifies no circuit split, no complicated questions under foreign law, and no "novel and difficult questions of first impression." *Couch*, 611 F.3d at 633 (quoting 3 Federal Procedure, *supra*, § 3:212).  Instead, the issue at hand is a mundane hypothetical dispute regarding the scope of discovery that will "involve the routine application of settled legal principles."  *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110 (2009).

Finally, a ruling in Plaintiff's favor would not "materially advance" resolution of the case, but would instead increase "the time, effort, [and] expense" of the district court proceedings by expanding the scope of discovery. *ICTSI Oregon*, 22 F. 4th at 1131 (quoting *In re Cement*, 673 F.2d at 1027). Plaintiff's Motion raises two improvident arguments in support of this prong. Plaintiff first asserts that, if it is prevented from introducing evidence of time-barred conduct and a jury finds for Apple, "it is a virtual certainty such a verdict would be reversed if the Ninth Circuit agrees Cydia should have been allowed to present that full evidence." Mtn. at 14. This argument puts many carts before the horse. As set forth above, no discovery has been served, let alone a discovery dispute about the admissibility of that discovery or a dispute about what will be introduced at trial (assuming there even is a trial). There is no support for the type of prophylactic, interlocutory review sought by Plaintiff, which would provide no limiting principle at all on when such requests should be granted. In any event, courts have recognized that "almost all interlocutory appeals from discovery orders would end in affirmance" because "the district court possesses discretion, and review is deferential." *Reise v. Board of Regents*, 957 F.2d 293, 295 (7th Cir. 1992); *Mohawk*, 558 U.S. at 110 (noting that pretrial orders "are unlikely to be reversed on appeal, particularly when they rest on factual determinations for which appellate deference is the norm"). For this reason, "[p]ermitting parties to undertake successive, piecemeal appeals of [discovery rulings] would unduly delay the resolution of district court litigation and needlessly burden the Courts of Appeals." *Mohawk*, 558 U.S. at 112 (citing Wright & Miller, Federal Practice and Procedure § 3914.23, at 123).

Plaintiff next argues—again, without support—that interlocutory appeal of its discovery issue "may greatly affect Cydia's decision making with respect to settlement" and Apple's own "analysis of its settlement options." Mtn. at 14–15. Courts in the Ninth Circuit have routinely rejected such vague allegations about potential settlement as sufficient to justify the extraordinary remedy of an interlocutory appeal. *Vaughn*, 504 F. Supp. at 1355 (holding that plaintiff's allegation that interlocutory appeal would prevent an "untenable position concerning settlement" as not "significant enough to except the case sub judice from the strong federal policy against piecemeal appeals") (citations omitted); *Coles v. City of Oakland*, No. C03-2961 TEH, 2005 WL 8177791, at *3 (N.D. Cal. Aug. 3, 2005) (denying certification because "[t]he Court cannot say with any certainty that an

immediate appeal would facilitate settlement"); *see also Mohawk*, 558 U.S. at 109 (noting that the Court has previously "rejected an assertion that [immediate] review was necessary to promote 'the public policy favoring voluntary resolution of disputes'").

There is nothing exceptional about either an order applying the statute of limitations or an order deferring resolution of a hypothetical discovery dispute that is sufficient to justify the extraordinary remedy of certification for interlocutory appeal.  As the Supreme Court has observed, "[a]ppellate courts can remedy [such discovery orders] in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial" with new evidentiary rulings.  *Mohawk*, 558 U.S. 109.

## CONCLUSION

The Court should deny Plaintiff's motion for clarification, motion for leave to seek reconsideration, and request for certification of an interlocutory appeal under 28 U.S.C. § 1292(b).

DATED: June 23, 2022                    GIBSON, DUNN & CRUTCHER LLP

                                        By:   */s/ Jay P. Srinivasan*
                                              Jay P. Srinivasan
                                        *Attorneys for Defendant Apple Inc.*