1  QUINN EMANUEL URQUHART &
   SULLIVAN LLP
2  Adam B. Wolfson (Bar No. 262125)
   Joseph Sarles (Bar No. 254750)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, CA 90017-2543
4  Telephone:     (213) 443-3000

5  Stephen A. Swedlow (*pro hac vice*)
   David A. Nelson (*pro hac vice*)
6  Marc L. Kaplan (*pro hac vice*)
   191 N. Wacker Drive, Suite 2700
7  Chicago, IL 60606-1881
   Telephone:     (312) 705-7400
8
   *Counsel for Plaintiff SaurikIT, LLC*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| SAURIKIT, LLC, | CASE NO. 4:20-cv-08733-YGR |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(2)** |
| v. | |
| APPLE INC., a California Corporation, | The Honorable Yvonne Gonzalez Rogers |
| Defendant. | |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on September 23, 2022, or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, before the Honorable Yvonne Gonzalez Rogers, Plaintiff SaurikIT, LLC ("Plaintiff" or "Cydia") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 41(a)(2) to dismiss its claims with prejudice and enter the proposed judgment attached hereto as **Exhibit A**. This motion is based on the Complaint in this action, this Notice of Motion, the Memorandum of Points and Authorities filed herewith, all matters with respect to which this Court may take judicial notice, and such oral and documentary evidence as may be presented to the Court.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether to dismiss Cydia's claims with prejudice and enter the attached proposed Judgment.

## MEMORANDUM OF POINTS AND AUTHORITIES

Following the Court's recent decision on Apple's motion to dismiss (Dkt. 80) (the "Order") and the initial case management conference, the parties have begun the discovery process. Those initial negotiations, however, have made clear to Cydia that the parties' understanding of the scope and implications of the Court's Order will continue to be a major point of disagreement in every aspect of the case moving forward: fact discovery, expert discovery, dispositive motion practice, and trial.

Given the importance of these disagreements to discovery, Cydia's claims, and its trial presentation; the strain repeated motion practice on these issues at different points of the case would put on the Court's already-limited resources; Cydia's desire to avoid repeated litigation on issues that can be resolved now; and Cydia's desire to gain clarity while acting in the most efficient manner, Cydia has decided to dismiss its remaining claims with prejudice.

Doing so will allow Cydia to appeal the Court's Order on the Motion to Dismiss, a process the Ninth Circuit has endorsed in cases like this one. As the Ninth Circuit recently explained in *Trendsettah USA, Inc. v. Swisher International, Inc.*, "a plaintiff may voluntarily dismiss claims with prejudice 'to secure[ ] review of an order that would not ordinarily be reviewable until after

a trial on the merits.'" 31 F.4th 1124, 1131 (2022) (quoting *Concha v. London*, 62 F.3d 1493, 1508–09 (9th Cir. 1995)) (alternation in original). The process, as outlined by the Ninth Circuit, serves to preserve judicial and party resources in a way that interlocutory appeals do not. In particular, if the Ninth Circuit denies Cydia's appeal in full, concluding that the Court's Order on the Motion to Dismiss was correctly decided, then instead of remanding for trial, the case will simply be dismissed. On the other hand, if the Ninth Circuit agrees with Cydia, then the parties and Court will have valuable guidance that will reduce the risk of multiple trials. Either way, dismissing the claims with prejudice now will save each side millions of dollars in discovery costs and attorneys' fees while they finally resolve an issue central to multiple aspects of the case and, in the meantime, it will lessen the Court's burden by removing this case from its docket.

Pursuant to Fed. R. Civ. P. 41(a)(2), a motion to dismiss with prejudice "should be granted unless the defendant shows it will suffer some plain legal prejudice as a result." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). As the judgment requested here would not plainly prejudice Apple's rights, Cydia believes that dismissal is appropriate and therefore respectfully requests that the Court enter the proposed judgment attached hereto as **Exhibit A**.

DATED: August 19, 2022

By  /s/ Adam B. Wolfson
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
Adam B. Wolfson (Bar No. 262125)
Joseph Sarles (Bar No. 254750)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000

Stephen A. Swedlow (*pro hac vice*)
David A. Nelson (*pro hac vice*)
Marc L. Kaplan (*pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400

*Counsel for Plaintiff SaurikIT, LLC*