**FILED**

**NOT FOR PUBLICATION**

DEC 28 2023

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAURIKIT, LLC, | No. 22-16527 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-08733-YGR |
| v. | |
| APPLE, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted December 14, 2023
San Francisco, California

Before: KOH, H.A. THOMAS, and DESAI, Circuit Judges.
Partial Dissent by Judge DESAI.

SaurikIT, LLC ("SaurikIT") appeals the district court's dismissal of its antitrust suit against Apple, Inc. ("Apple"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6). *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317 (9th Cir. 2017). We affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The district court dismissed SaurikIT's claims premised on Apple's warranty agreements because SaurikIT's complaint, filed in 2020, alleged injury based on conduct that occurred in 2008, and SaurikIT's pleadings did not allege new conduct within the four-year statute of limitations. SaurikIT argues that Apple engages in an overt act that resets the statute of limitations every time it sells a new iOS device with a warranty agreement that requires iOS users to use only the App Store. But, as the district court found, the warranty term in question existed in 2008, and SaurikIT does not allege that the term has changed since. SaurikIT has thus failed to allege that the new warranty agreements constitute anything more than "a reiteration or extension of" prior ones. *Samsung Elecs. Co. v. Panasonic Corp.*, 747 F.3d 1199, 1204 (9th Cir. 2014) (holding that plaintiffs had sufficiently alleged a new overt act where defendants met and adopted an anticompetitive contract which expanded the scope of the alleged anticompetitive conspiracy and stating that "the typical antitrust continuing violation occurs . . . when conspirators continue to meet to fine-tune their cartel agreement" (cleaned up)). And permitting new unchanged warranty agreements to establish continuing violations would vitiate the purpose of the statute of limitations.

2. SaurikIT also maintains that Apple's contracts with iOS app developers constitute continuing antitrust violations within the statute of limitations period. But its complaint offers only conclusory allegations that the developer contracts

"have not stayed static over the years," were "modified" to "shore up perceived holes," and that these "ever-more-restrictive changes" occurred within the limitations period. These conclusory statements do not meet the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (noting that a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–60 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." (cleaned up)). The district court therefore did not err in dismissing this claim. Nor did the court err in concluding that SaurikIT had not pled adequate facts to allege that Apple steered customers away from Cydia through enforcement of its developer agreements, as SaurikIT makes only a conclusory allegation that it was harmed by such enforcement. *See Pace Indus., Inc. v. Three Phoenix Co.*, 813 F.2d 234, 238 (9th Cir. 1987) ("[A]n overt act which will restart the statute of limitations . . . must inflict new and accumulating injury on the plaintiff.").

      **AFFIRMED.**

FILED

DEC 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*SaurikIT, LLC v. Apple, Inc.*, No. 22-16527

DESAI, Circuit Judge, dissenting in part:

I respectfully dissent from Section 2 of the memorandum disposition. The majority's holding imposes a pleading burden beyond what is required to survive a statute of limitations defense. I would hold that SaurikIT's allegations about Apple's app developer agreements state a "continuing" antitrust violation within the statute of limitations period. *Samsung Elecs. Co. v. Panasonic Corp.*, 747 F.3d 1199, 1202 (9th Cir. 2014).

This court may uphold a dismissal on statute of limitations grounds only if, construing the allegations in the light most favorable to the plaintiff, "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995); *see also Syed v. M-I, LLC*, 853 F.3d 492, 507 (9th Cir. 2017). And we must reverse a dismissal when the timeliness of the claim depends on "factual questions not clearly resolved" on the face of the complaint. *Supermail Cargo*, 68 F.3d at 1207. We should do so here.

SaurikIT alleges that Apple's developer agreements "have not stayed static over the years," but have been updated with "ever-more-restrictive changes" to "shore up perceived holes in, and add new restrictions on, developers' ability to use alternative app stores and[] payment processing services." The majority rebuffs

these allegations as "conclusory," but SaurikIT need not detail each specific change to the developer agreements to satisfy Rule 8. *See Shields v. Credit One Bank, N.A.*, 32 F.4th 1218, 1226 (9th Cir. 2022) ("*Iqbal* did not require [the plaintiff] to include more granular details about the exact nature" of her allegations); *cf. Benavidez v. County of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) (explaining that, even under a heightened Rule 9(b) standard, "a complaint need not allege 'a precise time frame,' 'describe in detail a single specific transaction' or identify the 'precise method' used to carry out the fraud." (quoting *United States v. United Healthcare Ins.*, 848 F.3d 1161, 1180 (9th Cir. 2016))).

Beyond that, SaurikIT alleges that Cydia previously operated since 2008 as the "second-most successful iOS app distribution channel" for iOS users "despite all the roadblocks that Apple threw its way." And "Apple only really succeeded in excluding all competing iOS app distribution and payment processing services from the App Store in 2019 and 2020." That is, SaurikIT contends that Apple's more restrictive developer agreements, combined with recent technological updates, have finally "result[ed] in complete exclusion" of App Store alternatives like Cydia. These allegations are sufficient at the pleading stage to show that Apple engaged in overt acts during the statute of limitations period, including by "fine-tun[ing]" its developer agreements to stave off competition. *Samsung*, 747 F.3d at 1204 (quoting *Midwestern Mach. Co. v. Nw. Airlines, Inc.*, 392 F.3d 265, 269 (8th Cir. 2004)).

3

For these reasons, I would reverse the district court's dismissal of SaurikIT's claims. I respectfully dissent.